# JAMES CONLIN v. THE SAN FRANCISCO AND SAN JOSÉ RAILROAD COMPANY.

INSTRUCTIONS TO A JURY.—Instructions to a jury asked by a party which are not pertinent to any issue in the cause should be refused, even though they embody correct abstract principles of law.

AVERMENTS OF ANSWER.—If, in an action brought by a laborer against his employer to recover damages for an injury sustained by the employer's carelessness, the employer relies for a defense upon the fact that such injuries were caused by the negligence or improper conduct of a fellow servant, an averment to that effect should be made in the answer. An averment that the plaintiff's injury was caused by his own negligence does not raise such issue.

LIABILITY OF EMPLOYER FOR INJURY TO A SERVANT.—The question whether an employer is liable for an injury sustained by a servant through the negligence or improper conduct of a fellow servant, not properly raised, and therefore not decided.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Wilson & Crittenden*, for Appellant.

It was admitted by the pleadings that the machinery of the car was out of repair—that is, that the car could not be safely used as a hand car, ridden upon and propelled by machinery; but it was averred that it could be moved by pushing along the track, and that such was the only proper mode of using it in its then condition.

The complaint alleges that the defendant caused the plaintiff to be ordered to move the car from one point to another along the track, and that the usual and proper mode of moving it was by a crank, connected with machinery; that he proceeded to execute the order—got into the car, and was moving it by means of the crank, in the due discharge of his duty, when the machinery gave way, and he was thrown off and injured.

The plaintiff intended, by this statement in his complaint of the order given him, to allege that the order was to get upon the hand car and use its machinery. If it had been so

alleged distinctly, the defendant's answer would have been an explicit denial of any such order having ever been given by it, or by any other person by its authority.

But the plaintiff made no such allegation in terms, and the defendant could not in terms deny it. The defendant answered all the allegations in respect to the order, according to the form in which they were made in the complaint; and it is a little singular that the plaintiff should now find fault with the form of the answer and of the denials it contains, when they are precisely in response to his own averments, and if at all indefinite, are only so for want of precision in his own averments.

Does not this answer sufficiently and clearly deny that the defendant ever gave the order in the execution of which the plaintiff was injured?

The instructions state the law correctly. ( *Wright* v. *New York Central Railroad Company*, 25 N. Y. 562; *Farwell* v. *The Boston and Worcester Railroad Company*, 4 Met. 49; *Brown* v. *Maxwell*, 6 Hill, 592; *Coon* v. *Syracuse and Utica Railroad Company*, 1 Seld. 492; *Sherman* v. *Rochester and Syracuse Railroad Company*, 17 N. Y. 153; *Russell* v. *Hudson River Railroad Company*, 17 N. Y. 134; *Boldt* v. *The New York Central Railroad Company*, 18 N. Y. 432; *Hayes* v. *The Western Railroad Corporation*, 3 Cush. 270; *Albro* v. *The Agawam Canal Company*, 6 Cush. 75.)

*Elliott J.* and *Joseph H. Moore*, for Respondent.

The essence of the complaint and answer are as follows :

Complaint: "Plaintiff, while in the company's employ, was by it ordered to set about moving a car containing machinery that was unsafe and unfit for use, well known by defendant to have been so for a long time prior, and necessarily unknown to be so by plaintiff; that defendant willfully concealed the fact and its knowlege from plaintiff; that while plaintiff was moving the car in the usual and proper mode, in the due discharge of his duty, he was grievously

and permanently injured by reason of said defects and of defendant's neglect and willful concealment."

The answer is: "True, the machinery was unsafe and unfit for use, and well known by defendant to be so, but defendant did not 'conceal from the plaintiff any knowledge or facts possessed by or known to it.' True, plaintiff moved the car in the way it was usually moved, but he knew the machinery was unsafe, and he was not ordered to put that to any use, and he was hurt by his own carelessness and misconduct in attempting to move the car by means of the winch."

The only comment we make is, that the answer, while admitting that the car was at the time usually moved by unsafe machinery, does not pretend to say why (plaintiff's supposed knowledge apart) he was not expected so to use it, except that he was not expressly told to do it in the usual way.

The whole question on appeal is, we think, one of pleading. Every intendment is against the pleader, and Courts will not pass upon or submit to a jury questions not raised by the written allegations of the pleadings. (*Biddle Boggs* v. *Merced Mining Company*, 14 Cal. 356; *Gifford* v. *Carvill*, 29 Cal. 589; *The People* v. *Supervisors of Ulster*, 34 N. Y. 268; *West* v. *American Exchange Bank*, 44 Barb. 175; *Keller* v. *New York Central Railroad Company*, 24 How. Pr. 172; *Carpenter* v. *Stillwell*, 1 Kern. 61.)

By the Court, Crockett, J.:

There is but one question presented for our consideration on this appeal, to wit: whether or not the Court erred in refusing three instructions to the jury requested by the defendant. The plaintiff insists that the instructions were properly refused, if for no other reason, because they were not pertinent to any issue raised by the pleadings. It becomes necessary, therefore, to ascertain with precision what the issues were.

The complaint avers that the defendant is a corporation, and is the owner of a railroad, with the cars, engines, and other appurtenances belonging thereto; that the plaintiff was a hired laborer in the employment of the defendant, and was employed to perform such labor on and about the railroad as the defendant or its agents should require of him; that he was ordered to work and did work at and near the defendant's yard, in the City and County of San Francisco; that while so employed, "the defendant caused plaintiff to be ordered and required to move a certain car belonging to defendant from one point to another, along said defendant's track, with as much haste as possible; that the usual and proper mode of moving said car was by means of a crank, handle, or winch, placed upon said car, and connected with certain machinery contained in a box closely covered and screwed down in a manner entirely to conceal the same from view, to move which car by said means it was necessary to get inside the same." The complaint then avers that the plaintiff proceeded to execute the order, got into the car, and was moving it by means of the winch, in the due discharge of his duty, when the machinery gave way and flew out of gear, in consequence of which he was struck by the winch with great violence and thrown from the car across the track, by reason of which he suffered great bodily injury. The complaint further avers that the machinery of the car was wholly out of repair, unsafe, and unfit for the use to which the plaintiff was ordered to apply it; that it was unskillfully and defectively constructed, and that at and before the time when the plaintiff was ordered to use it, as stated, the defendant and its agents had full knowledge of the defective construction of the car and of the unsafe condition of the machinery, and willfully concealed these facts from the plaintiff, who was entirely ignorant of them, and who was not guilty of any negligence, carelessness, or want of skill in the use of the car or machinery. The action is to recover damages for these injuries.

The answer admits that the defendant owned the railroad,

and that the plaintiff was one of its employés on the road; "but as to the allegations in said complaint, that they caused the plaintiff to be ordered and required to move a certain car from one point to another along the track of said road with as much haste as possible, they deny that they caused the plaintiff to be ordered or required to move said car with haste; and aver, on their information and belief, that no such order was given, and that the plaintiff was only required to use ordinary diligence in moving said car."

This is an admission that the plaintiff was ordered by the defendant, or by its authority, to move the car, and is only a denial that he was ordered to move it *with haste*. The answer also admits that the usual mode of moving the car was by means of a crank, handle, or winch placed on the car, and connected with machinery, as stated in the complaint; "but they aver that said car could have been moved with equal ease and speed by pushing the same along said track, and so moved without danger to the plaintiff, and that such was, at the time, the only proper mode of moving said car; that said machinery was out of repair, and the fact of its being so well known to the plaintiff, and that in moving said car in the manner stated in the complaint he was not acting under their direction or in obedience to any order or requirement on their part; and they deny that the mode named in said complaint was the proper mode of moving said car, and deny that the plaintiff proceeded to execute said order, or any order from them, or got into or upon said car, or was moving the same by means of said winch, between said points or elsewhere, in the due discharge of his duty, or in the proper discharge of his duty, or in the proper discharge of any duty to them."

The answer also admits that the plaintiff was thrown off the car, but denies that he was thrown off in consequence of any order or requirement from the defendant, and avers that it was in consequence of his own misconduct in moving the car in an improper manner, and his carelessness and negligence in using the winch and machinery. It admits the

machinery was out of repair, but denies that the plaintiff was ordered to use it, or that the defendant, or its agents, concealed from him the true condition of the machinery, or that he was ignorant of it. The substance of the whole answer is: First—An admission that the defendant was at the time charged the owner of the railroad and car, and that the plaintiff was in its employ as a laborer. Second—That the plaintiff was ordered by the defendant, or by its authority, to move the car along the track, but was not ordered to move it in any particular manner. Third—That the machinery was out of repair, and both the plaintiff and defendant knew it. Fourth—That the usual and proper method of moving the car when the machinery was in order was by means of the crank or winch; but it could be pushed along the track conveniently without the use of the winch. Fifth—That the plaintiff was thrown off the car by the breaking of the machinery; but this proceeded from his own negligence, in attempting to use the machinery when he knew it was out of repair.

On the trial there was evidence tending to show that the plaintiff, in his capacity of hired laborer for the defendant, was placed under the control and subject to the orders of the foreman of the defendant's blacksmith shop; by whom he was ordered to take the car (which is denominated a "hand car," and is intended to be propelled by machinery worked by hand,) and to move it to a certain point on the track; that in obedience to this order the plaintiff got upon the car and set it in motion by means of the machinery, in the usual manner; but the machinery gave way, causing the winch or crank to strike the plaintiff violently, throwing him off the car, and doing him serious bodily injury.

After the evidence was closed, the defendant's counsel requested the Court to charge the jury as follows:

"First—If the plaintiff received the injuries complained of through the negligence or improper conduct of a fellow

52

servant in the employment of the defendant, the plaintiff is not entitled to recover.

"Second—A servant who sustains an injury from the negligence of a superior agent engaged in the same general business, can maintain no action against their common employer, although he was subject to the control of such superior agent, and could not guard against his negligence or its consequences.

"Third—A servant cannot recover from his employer for an injury resulting from an order given by an agent or fellow servant who had no authority to give it."

All which were denied by the Court, and the defendant excepted. A verdict and judgment having been rendered for the plaintiff, the defendant moved for a new trial, on the ground that these instructions were improperly refused. The motion was denied, and the defendant has appealed.

If the instructions were not pertinent to any issue in the cause, they were properly refused, even though it were conceded that the propositions of law which they embody were correct in the abstract.

In our opinion, they do not come within any of the issues formed by the pleadings. That the plaintiff was ordered by the defendant, or by its authority, to move the car, is admitted by the answer; and it is also admitted that the machinery was out of repair, and that the defendant knew it. It sets up, however, as a defense, that the plaintiff also knew that the machinery was out of repair, and that, not having been ordered to move the car in any particular method, the injury which he suffered, if any, proceeded from his own negligence in attempting to move it by means of the machinery, which he knew to be disabled. The complaint does not charge that the plaintiff was ordered to move the car by any particular method; but only that he was ordered to move it, and that the usual and proper method of moving it was by means of the machinery, and that he was attempting to move it by this method, in ignorance that it was out

of repair, when it gave way and caused the injury complained of.

In the view we take of these pleadings, the only issuable facts presented by the answer were: First—Whether or not the plaintiff, when he attempted to move the car, was ignorant of the unsafe condition of the machinery. Second— What damage, if any, he suffered from the injury complained of.

No issue was made or tendered which involved an inquiry whether the plaintiff received the injuries complained of through the negligence or improper conduct of a fellow servant or superior agent in the employment of the defendant; and hence the instructions which we are discussing were not pertinent. If the defendant had desired to set up as a defense that the order to move the car was not given by the defendant, but by the foreman of its blacksmith shop, it should have made the proper averments to that effect in the answer, in order that an issue might be framed on that point. No such issue having been made or tendered, the instructions which were refused were irrelevant.

This view of the case renders it unnecessary for us to decide whether or not the abstract propositions contained in the instructions are sound law, on which point we express no opinion.

Judgment affirmed and remittitur ordered to issue forthwith.