WILSON v. THE CHARLESTON AND SAVANNAH RY.

1. PRACTICE—MASTER AND SERVANT—EVIDENCE.—Under a general denial, testimony tending to show that an accident, alleged to have happened by the negligence of the master, was caused by the negligence of a fellow-servant, is competent.
2. RAILROADS—FELLOW-SERVANTS—MASTER AND SERVANT.—Whether certain employees of a railroad sustain toward each other the relation of fellow-servants is a mixed question of law and fact.
3. FELLOW-SERVANTS—MASTER AND SERVANT.—Persons employed in a common undertaking are fellow-servants, when exercising the ordinary duties of their employment; but when one of them is performing the duties of the master, this relation ceases.

Before TOWNSEND, J., Charleston, November, 1896. Reversed.

Action by Willis Wilson against The Charleston and Savannah Railway, on the following complaint:

I. That the defendant was at the times hereinafter mentioned and is a corporation duly created and existing under the laws of the State afaresaid.

II. That the plaintiff was on the 17th day of February, 1895, in the employ of the defendant company as a car cleaner, and while so employed, and actively engaged in the performance of his duties in a certain passenger coach of the said company, then on its main line within its yard limits at Charleston, in the county and State aforesaid, the said car was run into and violently struck by a baggage car of the said company, which had been rolled down the said main line in the manner hereinafter set forth by employees of the said company engaged in making up a train.

III. That the said collision caused plaintiff to be thrown with great force against and upon the seats in the car in which he was occupied as aforesaid, thereby seriously bruising and injuring his back and spine, and causing him severe bodily pain and suffering, so that he has not since been, and is not now, able to perform his accustomed labors. That he has already expended a considerable amount for medicine and medical attendance, and is advised by his physician that his said injuries will disable him permanently from performing such labor as he was heretofore capable of, and will continue to cause him pain and require medical attention and medicines for the rest of his life.

IV. That the yard master of said company, who is charged with the direction and control of the movement of all switch engines and the making up of trains within the said yard limits of defendant, was at the time of the said accident, carelessly and negligently absent from his post, and that the hostler and switchman in control of the switch engine to which the said baggage car was attached, carelessly and negligently uncoupled it from the tender while moving at a rapid and dangerous speed down the main line on which the plaintiff's car was, and that there was no brakeman or other attendant on or in charge of the said baggage car, as was customary in the making up of trains.

V. That by reason of the carelessness and negligence of the defendant, as hereinabove set forth, plaintiff has been damaged $10,000.

Wherefore, he demands judgment against the defendant for the sum of $10,000, and for the costs and disbursements of this action.

The defendant served the following answer:

I. That it denies each and every allegation in the said complaint contained not hereinafter specifically admitted. II. It admits the allegations of the first paragraph of the complaint. III. It admits on information and belief so much of the second and third paragraphs of the complaint as alleges that said plaintiff on the day mentioned in said second paragraph was a car cleaner, and while employed in a passenger coach of this defendant, within its yard limits at Charleston, received certain injuries by falling against one of the seats in said coach. IV. This defendant has no knowledge or information sufficient to form a belief as to the other allegations contained in the third paragraph of said complaint. V. And for a further defense this defendant says on information and belief that said plaintiff would not have been injured but for his own negligence and want of care in performing his duties on said car at such time and in such a position, to wit: with his back towards the coupling cars as to expose him to the danger of a fall.

The Judge charged the jury as follows:

This is an action by Willis Wilson against the railroad company for damages. He claims that he was injured by the negligence of the railroad company. You have heard the testimony, and you must keep it in mind, because I am not allowed to say to you that this witness swore to this or that; or that such and such testimony tends to prove this or that. It is proper that I should not. You must keep in mind the facts, while I explain the law as I see it. Think of the testimony as we go along. The first thing for you to consider is, was the plaintiff properly in that car. If he was where he ought not to be, that would vary the case very much. A man must not place himself in a wrong position, and then blame some one else if he is injured. What

6–51

were his orders?   Did he have a right to be on the car at
that business at any time the car was in the yard, or at the
time the injury happened?   If he had no business there,
then he cannot hold the company responsible, unless it was
some malicious injury inflicted upon him, and then his
remedy would be against the man who caused the injury,
and not the company.

Now, if you find that he was rightly on the car, and was
in the car, then the next question is, was he materially in-
jured?   The law takes no notice of a slight injury that
amounts to nothing.   It must be a material injury.   If he
was not materially injured, that ends the case.   If he was,
then you must go further.   Was he injured by negligence?
That is the next point.   How are you going to ascertain
that important fact?   I know of no other way, except from
the facts of the case.   You are the sole judges of the facts.
Negligence must be made out by the preponderance of the
evidence.   Suppose you come to the conclusion that there
was negligence?   Then the next inquiry is, by whose negli-
gence was the injury caused?   Was it the defendant's negli-
gence, or was it somebody's negligence that don't bind the
company?   If it was somebody's negligence who represented
the company, the company would be bound.   If it was
somebody's negligence who did not represent the company,
then the company is not bound.   If it was the negligence
of a fellow-servant, the company is not bound; but the im-
portant question is, who was the fellow-servant?   If there
was negligence, was it the negligence of some one who was
in authority, and had power to bind the company, or was it
somebody who was a fellow-servant, without authority to do
anything, except his own work?   In such a case, the com-
pany is not bound by the negligence of a fellow-servant.
Now, who is a fellow-servant?   I find in a few cases in our
State that the Supreme Court has said that certain indivi-
duals, occupying certain positions, are fellow-laborers.   It
is said that the engineer and brakeman are fellow-laborers.
They have said in another case that the conductor and

coupler were not fellow-laborers. They have said in another
case that the firemen on one train and the engineer on an-
other train were fellow-servants. They have announced
that much in those three cases. You must determine who
were fellow-laborers in this case. Suppose there had been
two car cleaners in that car, or three or four, all working
together in conjunction with each other, one doing a part
and another doing a part—all working together, so that if
one was careless, the others could see him—I would say that
they would be fellow-laborers. But if they were in different
cars, shut up from each other, and not working in conjunc-
tion, then they are not fellow-laborers, because the Supreme
Court says: You do not determine by the grade of the work,
but by the kind of act which is done. I do not say that,
because there might have been car cleaners in separate cars,
they were not fellow-servants; but I say that, upon the
principle that each employee takes the ordinary risks of his
employment, he cannot hold the company responsible for
the acts of his co-laborers. Suppose a company has five or
six or eight or ten workmen above this floor and as many
below, all doing the same class of labor. Now, suppose
the workmen here drop a heavy piece of iron, through the
carelessness of one of them, and one of them is injured; that
injured man cannot hold the company responsible, because
the act of negligence was done by a man working there in
conjunction with them whom he could see, and each workman
took the ordinary risks incident to that work. He was not
obliged to go into it. After he saw the situation, and then
went into it and got hurt, he couldn't hold the company
responsible.

Now, suppose the piece of iron or timber falls through
the floor and injures a man down here. Is he a colaborer?
If he is, he cannot hold the company responsible; but I
charge you that these men down here would not be fellow-
laborers of those upstairs. There is a floor between them,
and there is no conjunction between the work here and the
work there. That is one of the things by which you must

determine whether they are fellow-laborers or not. Suppose we have twenty-five or thirty freight cars, and half a dozen brakemen on those cars turning those brakes. They are apparently working in conjunction. They all appear to be doing the same thing. Are the brakemen fellow-laborers with each other, and are the brakemen fellow-laborers on the one side, with the engineer on the other?

Now, apply the principle I have tried to explain. If the brakemen are all working in conjunction, or where they can see each other, and each one able to guard his own safety by ascertaining whether the others are doing their duty or not, then they are fellow-laborers, and if that is the same relation occupied by the engineer, then they are fellow-laborers. But suppose one brakeman is too far off to see what the others are doing, and one goes to sleep, and he cannot do anything to save himself, then, in that instance, they are not colaborers. But if they are all working in conjunction, so that if one slips up the other can save himself, then they are fellow-servants. Now I think you have my idea. Suppose you find that the engineer was negligent, then was he a colaborer with the man who was injured? If you find from the facts of the case that they were working in conjunction, and that one was able to take care of himself if the other slipped up, then the company is not responsible, because they are fellow-servants, and one fellow-servant cannot recover for the negligence of his fellow-servants. If you come to the conclusion that it was the negligence of some one with authority to contract, and if it was his negligence, then the company would be responsible; or if the company should have had some one there who was not there, and it was from his negligence that the injury occurred, then the company would be responsible. I have been requested to charge you certain propositions of law. The defendant requests me to charge as follows:

First. "That the foundation of the present action is negligence, and in order to recover, the plaintiff, Wilson, must show by the preponderance of the evidence that the defend-

ant company was guilty of negligence; but even if the jury find that the company was negligent, if they also find that the plaintiff, Wilson, was himself negligent, and that but for his own immediate or proximate negligence the injury complained of would not have occurred, then plaintiff cannot recover." I charge you that.

Second. "That the jury must not undertake to apportion which is the more negligent, the plaintiff or the defendant, but must find for the defendant company, if they find that the defendant company was not negligent; or if they find that the company was negligent, and that the plaintiff, Wilson, was negligent, such negligence of Wilson being the proximate or immediate cause of the accident." I charge you that; it seems to be about the same as the other.

Third. "That negligence is doing that which a prudent person, under the circumstances proved, would not have done, or omitting to do that which a prudent person would have done." I charge you that.

Fourth. "That the negligence of plaintiff and defendant must be tested by the same rule, and the jury must not apply one rule to the company and another to the plaintiff, Wilson; and if they find that the accident would not have occurred but for the fact that plaintiff, Wilson, was doing what a prudent man under the circumstances proved would not have done, or omitting to do what a prudent man would have done, then they cannot find for Wilson, even if they find that the company was not doing what a prudently conducted company under the circumstances would have done, or omitted to do what a prudently conducted company would have done." I charge you, with this proviso: That if the accident would have occurred anyhow by the negligence of the company, the company would be responsible.

Fifth. "That even if the jury find that there was negligence on the part of the defendant company, yet if they find that such negligence was committed by the engineer or by the brakeman or switchman on the train which was being made up, they cannot find for plaintiff, because these officers

were fellow-servants with plaintiff." I charge you that, provided that they were fellow-servants.

Sixth. "That an employee takes the risk of his employment, and among those risks is the danger of being injured by the carelessness of a coemployee, and if so injured, plaintiff cannot recover." I charge you that a laborer takes the ordinary risks of his employment. The balance of the request I cannot charge just as it is, unless you find that the negligent party is a colaborer with the party injured.

Seventh. "That a railroad company does not undertake to insure that its employees will not be injured, and there is no presumption that the company was negligent simply because plaintiff was injured." I charge you that.

Eighth. "That no punitive or exemplary damages can be rendered in this case under the pleadings." I charge you that. The plaintiff does not claim punitive damages.

The plaintiff requests me to charge:

First. "It is only necessary for plaintiff to prove: 1st, a breach or neglect of some legal duty; and 2d, injury received as a natural result of such breach or neglect." I charge you that. There must be some material injury, and there must be neglect of some legal duty imposed upon those people who had charge of the work.

Second. "Contributory negligence is matter of defense, and must be proved by defendant, by a preponderance of evidence." I charge you that.

Third. "The master is responsible for injury caused by the negligence of a servant who is unfit for the purpose for which he is employed, the master having notice of such unfitness, or having opportunity to know same. I charge you that."

Fourth. "Negligence is defined to be the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under existing circumstances would not have done; the essence of the fault being either an omission or commission." I charge you that.

Fifth. "The plaintiff need not show that the injury was

wilful. And one guilty of negligence cannot exempt himself from liability merely by showing that the injury was unintentional." I charge you that.

Sixth. "If the immediate cause of the injury was the defendant's negligence, the plaintiff may recover, even though he was himself in some degree negligent." I have already charged you that.

Seventh. "The jury are to assess damages and to consider loss of time, loss of business, diminution of business capacity, expenses, inconveniences, pain, pecuniary loss sustained and likely to be sustained from the accident." I charge you that, with this proviso: that you must find that it was done by the negligence of some one who was not a fellow-laborer.

(Counsel for plaintiff withdraws his other requests.)

The defendant's counsel asks for the following additional propositions of law:

First. "That the general rule in South Carolina is, that a railroad company is not liable to one of their agents for an injury arising from the negligence of another agent, and it is only when plaintiff has proved that the agent who committed the injury is the representative of the master, that is to say, is performing a duty to the servant which the master should perform, the master is liable." I charge you that, if they are working conjointly. But if one is the superior, and the injured party is under his orders, they are then not occupying the position of fellow-servants, and the company would be responsible.

Second. "That the employee takes the risk of accident happening from the incompetence, ignorance or culpable misconduct of his co-laborer." I charge you that, with the explanations I have given you; the laborer takes the ordinary risks of his employment. You are to say whether it is ordinary or not.

Third. "That there being no allegation in the complaint that the employer employed or retained in its service any of its employees, knowing that they were incompetent, or having reason or opportunity to know that they were in-

competent, the jury cannot consider that charge of negligence in finding their verdict." I cannot charge you that.

Fourth. "That there being no proof that the employer employed or retained in its service any of the employees, knowing that they were incompetent, or having reason or opportunity to know that they were incompetent, the jury cannot consider that charge of negligence in finding their verdict." I cannot charge you that. I cannot tell the jury a matter of fact.

If you come to the conclusion that the plaintiff is not entitled to recover anything, you will say, we find for the defendant. If you find that the plaintiff is entitled to damages, you will say, we find for the plaintiff so many dollars, writing the amount out in words.

The jury found a verdict for plaintiff for $690.20.

Defendant appeals on following exceptions:

I. Because his Honor erred in excluding the testimony of Mr. C. S. Gadsden, as to whose control the persons engaged in the make up of the train were, on the ground that it referred to the defense of coemployees, which could not be raised by the pleadings; whereas it is submitted that such defense could properly be raised under the pleadings.

II. Because his Honor erred in charging, as requested by plaintiff, that "The master is responsible for injury caused by the negligence of his servant who is unfit for the purpose for which he is employed, the master having notice of such unfitness, or having opportunity to know the same." No such charge of negligence, to wit: the employment of an unfit servant, having been alleged in the pleadings or proved by the testimony.

III. That his Honor erred in charging, as requested by the plaintiff, that "If the immediate cause of the injury was the defendant's negligence, the plaintiff may recover, even though he was himself in some degree negligent."

IV. That his Honor erred in refusing to charge, as requested by defendant, that even if the jury find that there

was negligence on the part of the defendant company, yet if they find that such negligence was committed by the engineer, or by the brakeman or switchman, on the train which was being made up, they cannot find for plaintiff because these officers were fellow-servants with the plaintiff, and in adding the words: "Provided, you find that they were fellow-servants;" whereas he should have charged the request as asked for by defendant.

V. That his Honor erred in refusing to charge, as requested by defendant, "that an employee takes the risk of his employment, and among those risks is the danger of being injured by the carelessness of a coemployee; and if so injured, plaintiff cannot recover."

VI. That his Honor erred in refusing to charge, as requested by defendant, "that the general rule in South Carolina is, that a railroad company is not liable to one of their agents for an injury arising from the negligence of another agent, and it is only when plaintiff has proved that the agent who committed the injury is the representative of the master—that is to say, is performing a duty which the master should perform—that the master is liable."

VII. That his Honor erred in refusing to charge: "That the employee takes the risk of accidents happening from the incompetence, ignorance or culpable misconduct of his colaborer."

VIII. That his honor erred in refusing to charge: "That there being no allegation in the complaint that the employer employed or retained in its service any of its employees knowing that they were incompetent, or having reason to know that they were incompetent, the jury cannot consider that charge of negligence in finding their verdict."

IX. That his Honor erred in refusing to charge: "That there being no proof that the employer employed or retained in its service any of the employees knowing that they were incompetent, or having reason or opportunity to know that they were incompetent, the jury cannot consider that charge of negligence in finding their verdict."

X. That his Honor erred in charging the jury as follows, to wit: "You must determine who were fellow-laborers in this case."

XI. That his Honor erred in charging the jury as follows, to wit: "Suppose there had been two car cleaners in that car, or three or four, all working together in conjunction with each other, one doing a part and another doing a part— all working together, so that if one was careless, the others could see him—I would say that they would be fellow-laborers. But if they were in different cars, shut up from each other, and not working in conjunction, then they are not fellow-laborers, because the Supreme Court says you do not determine by the grade of the work, but by the kind of act which is done."

XII. That his Honor erred in charging as follows, to wit: "Suppose a company has five or six or eight or ten workmen above this floor and as many below, all doing the same class of labor; now suppose the workmen up here drop a heavy piece of iron through the carelessness of one of them, and one of them is injured, that injured man cannot hold the company responsible, because the act of negligence was done by a man working there in conjunction with him, who he could see, and each workman took the ordinary risks incident to that work—he was not obliged to go into it. After he saw the situation, and then went into it and then got hurt, he couldn't hold the company responsible. Now, suppose the piece of iron or timber falls through the floor and injures a man down here, is he a colaborer? If he is, he cannot hold the company responsible; but I charge you that these men down here would not be fellow-laborers of those up stairs; there is a floor between them, and there is no conjunction between the work here and the work there."

XIII. That his Honor erred in charging the jury as follows, to wit: "Suppose we have twenty-five or thirty freight cars and half a dozen brakemen on those cars turning those brakes; they are apparently working in conjunction; they all appear to be doing the same thing; are the brakemen

fellow-laborers with each other, and are the brakemen fellow-laborers on the one side, with the engineer on the other? Now apply the principle I have tried to explain. If the brakemen are all working in conjunction, or where they can see each other, and each one able to guard his own safety by ascertaining whether the others are doing their duty or not, then they are fellow-laborers; and if that is the same relation occupied by the engineer, then they are fellow-laborers; but suppose one brakeman is too far off to see what the others are doing, and one goes to sleep, and he cannot do anything to save himself, then, in that instance, they are not colaborers. But if they are all working in conjunction, so that if one slips up the other can save himself, then they are fellow-servants."

XIV. That his Honor erred in charging the jury as follows, to wit: "If you find from the facts of the case that they were working in conjunction, and that one was able to take care of himself if the other slipped up, then the company is not responsible, because they are fellow-servants, and one fellow-servant cannot recover for the negligence of his fellow-servant."

XV. That his Honor erred in charging the jury as follows, to wit: "If you come to the conclusion that it was the negligence of some one with authority to contract, and it was his negligence, then the company would have been responsible."

XVI. That his Honor erred in charging the jury as follows, to wit: "If the company should have had some one there who was not there, and it was from his negligence that the injury occurred, then the company would be responsible."

*Mr. Joseph W. Barnwell,* for appellant, cites: *Scope of general denial:* Code, 170, 171; 38 S. C., 529; 8 S. C., 258; 10 S. C., 438; 27 S. C., 240. *Coemployee:* 1 McM., 385; 25 S. C., 128; 39 S. C., 507; 55 Mo. App., 569; 23 Id., 20; 47 Id., 435. *Is who are fellow-servants solely for jury:* Same

cases as above, and 25 S. C., 446; 40 S. C., 104; 24 Am. &
Eng. R. R. Cases, 427; 25 Id., 507. *Defendant only liable
when servant is doing duty of master:* 39 S. C., 507; 25 S.
C., 128. *Plaintiff confined to specifications of negligence al-
leged:* 40 S. C., 104; 45 S. C., 278; 70 Me., 60; 49 Mo., 167.

Mr. W. St. Julien Jervey, contra, cites: *Negligence by
fellow-servant should have been pleaded:* Code, 170; 16 S.
C., 586. *Court must define and jury decide as to relation of
fellow-servants:* 34 N. W., 765; 33 N. E., 951; 32 Ill. App.,
598; 44 Id., 535; 32 N. E., 454; 106 Ill., 216; 15 S. C., 454;
18 S. C., 270; 22 S. C., 557; 23 S. C., 528; 10 Tenn., 74; 26
Pac., 981; 26 Id., 655; 23 Id., 762; 116 U. S., 642; 106 Ill.,
216; 23 S. C., 526; 21 N. E., 1078; 15 Pac., 484; 32 Id.,
693; 43 Ill. App., 483.

Nov. 4, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced on the
26th of April, 1895, and was tried before his Honor, Judge
D. A. Townsend, at the November, 1896, term of the Court
for Charleston County. The jury rendered a verdict in
favor of the plaintiff for $690.20. The defendant has ap-
pealed to this Court on exceptions which, together with the
complaint, answer, and charge of the presiding Judge, will
be set out in the report of the case. The third exception
was abandoned.

The exceptions will not be considered *seriatim*, as they
raise practically but three questions, which will be herein-
after stated. The first question raised by the exceptions is:
Was there error on the part of the presiding Judge in ex-
cluding testimony offered in behalf of the defendant
for the purpose of showing that the injury was caused
by the negligence of a fellow-servant, "on the ground
that it referred to the defense of coemployee, which could
not be raised under the pleadings?" The complaint alleges
negligence in the following particulars, to wit: 1st. That
the yard master of said company, who is charged with the

direction and control of the movement of all switch engines, and the making up of trains within the said yard limits of the defendant, was, at the time of the said accident, carelessly and negligently absent from his post.    2d. That the hostler and switchman in control of the switch engine, to which the said baggage car was attached, carelessly and negligently uncoupled it from the tender while moving at a rapid and dangerous speed down the main line, on which the plaintiff's car was.    3d. That there was no brakeman or other attendant on or in charge of the said baggage car, as was customary in the making up of trains.    The "Case" shows that the following took place while Mr. C. S. Gadsden, a witness for the defendant, was being examined by defendant's attorney, to wit: "Q. Something was said about the yard master; is it his duty to be present at the making up of trains?    A. He may or may not, as he sees proper. Q. Under whose control are all these people?    (Question objected to, on the ground that it referred to the defense of coemployee, which could not be raised under the pleadings. Objection sustained.    Ruling excepted to.)"    Not only was the testimony which the defendant offered to introduce admissible, on the ground that it was responsive to the allegations of the complaint, that the yard master was "charged with the direction and control of the movement of all switch engines and the making up of trains within the yard limits of the defendant," but it was also competent for the purpose of showing a failure of negligence on the part of the defendant by establishing the fact that the injury was caused by the negligence of a fellow-servant.    Sec. 671 of Pom. Code Remedies contains the following: "* * * Evidence which is in its nature affirmative is often confounded with defenses which are essentially affirmative, and in avoidance of the plaintiff's cause of action, and is, therefore, mistakenly regarded as new matter, requiring to be specially pleaded, although its effect upon the issues is strictly negative, and it is entirely admissible under an answer of denial.    In other words, in order that evidence may be proved under a

denial, it need not be in its nature negative; affirmative evidence may often be used to contradict an allegation of the complaint, and may, therefore, be proved to maintain the negative issue raised by the defendant's denial. One or two familiar examples will sufficiently illustrate the propositions. In certain actions, property in the plaintiff in respect of the goods which are the subject matter of the controversy is an essential element of his claim. His complaint, therefore, avers property in himself; the allegation is material, and is, of course, put in issue by the general or specific denial. To maintain this issue on his part the plaintiff may give evidence tending to show that he is the absolute owner or has the requisite qualified property. The defendant may controvert this fact in two modes. He may simply contradict and destroy the effect of the plaintiff's proof, and in this purely negative manner procure, if possible, a decision in his own favor upon this issue. The result would be a denial of the plaintiff's recovery by his failure to maintain the averment of his pleadings; but the jury or court would not be called upon to find that the property was in any other person. The decision would simply be, that the plaintiff had not shown it to be in himself. On the other hand, the defendant, not attempting *directly* to deny the testimony of the plaintiff's witnesses and to overpower its effect by *direct* contradictory proof, may introduce evidence tending to show that the property in the goods is, in fact, in a third person. This evidence, if convincing, would defeat the plaintiff's recovery. It would be affirmative in its *direct* nature, but its ultimate effect in the trial of issue raised by the answer would be to deny the truth of the plaintiff's averment. Such evidence, although immediately affirmative, would still, for the purpose of determining the issue presented by the pleadings, be negative. * * *" Section 675 of the same author contains the following, to wit: "In actions for injuries to person or property, alleged to have resulted from the defendant's negligence, he may prove, under a general denial, that the wrong was

caused by the negligence of third persons, not agents of the defendant, and for whom he was not responsible. * * *"
In the case of *Sheehan* v. *Prosser*, 55 Mo. Ap., 569, Mr. Justice Biggs, in delivering the opinion of the Court, said: "The defense that the plaintiff was injured through the negligence of a fellow-servant was available to the defendants without having been specially pleaded. Proof of that fact necessarily disproved the averment that the plaintiff was injured through the negligence of the defendants." This view is sustained by *Adams Ex. Co.* v. *Darnell*, 31 Ind., 20. The authorities are, however, conflicting, as will be seen by reference to the case of *Conlin* v. *S. F. & S. J. R. R. Co.*, 36 Cal., 404, which sustains a contrary doctrine. The reason why testimony is admissible, under a general denial, to prove that the injury was caused by the negligence of a fellow-servant, is because its tendency is to show that there was no negligence whatever on the part of the defendant. On the other hand, the reason why it is necessary to set forth in the answer the defense of contributory negligence on the part of the plaintiff, is because testimony showing such contributory negligence does not disprove the allegations of the complaint that the injury was caused by the negligence of the defendant. The defendant, by setting up in his answer the defense of contributory negligence on the part of the plaintiff, does not attempt to escape liability by showing a failure of negligence on his part, but because the plaintiff has done that which prevents a recovery against him, although he, the defendant, may have been guilty of negligence. Such facts would constitute an affirmative *defense* of which the defendant could not get the benefit unless it was set up in the answer. The exceptions raising the first question are sustained.

The second question raised by the exceptions is: Was there error on the part of the presiding Judge in submitting to the jury the question, whether the plaintiff and the employees of the defendant, through whose negligence the injury to the plaintiff is alleged to have been

sustained, were fellow-servants? Whether an engineer, brakeman or switchman is, when exercising his ordinary duties, a fellow-servant with a car cleaner, is a question of law. But whether, in a particular case, either of them was engaged in performing certain acts which the law requires of the master, and which would prevent them from being fellow-servants, is a question of fact, to be determined by the jury. The question as to who are fellow-servants is a mixed question of law and fact. It is for the Court to define the relation of fellow-servants, but it is for the jury to determine whether the employees in a particular case come within the definition. His Honor seems to have been of the opinion that, whether the employees of the defendant sustained toward each other the relation of fellow-servants, was a question solely for the consideration of the jury, and in this there was error. The material changes made by sec. 15, art. IX., of the Constitution of 1895, as to the rights of a railroad employee sustaining injury through the negligence of a coemployee, render an extended discussion of the second and third questions, raised by the exceptions, unnecessary. The exceptions raising the second question are also sustained.

The third question raised by the exception is: Was there error on the part of the presiding Judge in his charge to the jury as to the rule for determining when the relation of fellow-servants exists between coemployees? When persons are employed in a common undertaking, all sustain toward each other the relation of fellow-servants when exercising only the ordinary duties of their employment, even when they can not see each other, or are working apart and not in conjunction. But if an employee sustains an injury through the negligence of a coemployee, while such coemployee is performing the duties of the master, the master cannot defeat his recovery on the ground that they are fellow-servants. His Honor's charge did not conform to these principles, and was, therefore, erroneous.

It is the judgment of this Court, that the judgment of

the Circuit Court be reversed, and that the case be remanded
to the Circuit Court for a new trial.