Parker, J.
The petition avers that John Ott, plaintiff’s decedent, was a brakeman, employed at Toledo, Ohio, to serve the defendant railway company in Ohio, Michigan and elsewhere on its line, and was injured cn the 8th of July, 1896, through the negligence of the conductor of the train cn which decedent was at work; such negligence of the conductor consisting in his allowing a freight car to be so *397 placed on a “spur” track as that the car on which decedent was at work, in passing, failed to 'clear it, but struck it, throwing decedent from the train and injuring him so that he died.
At the close of plaintiff’s evidence the court below directed a verdict for the railroad company.
The facts which the evidence established, or tended to establish, are set out in an agreed statement.
The ruling of the court was founded upon a finding by the court that under the law of the state of Michigan, where decedent received said injury, the plaintiff could not have recovered in the courts of that state upon the facts proved, i. e., that the conductor through whose negligence deceased was injured was, under the law of Michigan, a fellow servant of decedent, hence there was no right of recovery in that state. That the laws of that state where the accident occurred determine all questions involving the right of action, and that because the plaintiff had no right of action enforcible there, she cannot recover here.
Plaintiff contends that the court erred in several particulars in arriving at these conclusions, viz:
First: In determining what the law of Michigan is on the subject, instead of submitting that question to the jury. And upon this proposition we are cited to Wilson v. Charleston Ry. Co. (Supreme Court, S. C. ), 28 S. E., 91, wherein it is said by the court that,
“The question of who are fellow servants is a mixed question of law and fact. It is for the court to define the relations of fellow servants, but it is for the jury to determine whether the employes in a particular case come within the definition”.
And it is argued that since the relations of conductors and brakemen are not fixed and uniform, but may be so in one case that the relation of fellow servants exists and in another the relation of servant and superior, or vice princi *398 pal, or master, may exist, the rule stated in the case cited should have been followed, and the question whether deceased and his conductor were fellow servants, or superior and subordinate, should have been submitted to the jury under proper instructions as to the facts that give rise to those relations. It is possible that cases may arise where it would not be proper for a court to determine the question as was done in the case cited, but we think that here the court proceeded correctly. That the relation of conductor and brakeman existed was not controverted, and the scope of the authority of the one over the other, and of the duties of each to the master with respect to the common service were likewise agreed upon. There were, therefore, no controverted questions of fact with respect to these relations to be .submitted to the jury — a question of law only remaining, i. e., does the law determine that this brakeman and this conductor were fellow servants, or that the latter stood in place of the master with respect to the former. This question was for the court alone.
It has been suggested thatsince this question of law was involved in some doubt, the decisions of the courts in Michigan not being clear or uniform, therefore the whole question should have been submitted to the jury. We know of no authority supporting this proposition, and we deem it altogether untenable. The fact — if a fact — that the law may not be easily ascertained or applied because of conflicting decisions or other causes producing obscurity, would be an excellent reason for submitting the question to one learned in the law and accustomed to comparing different decisions, discriminating, distinguishing, reconciling, weighing, etc., to resolve nice questions and distinctions and arrive at the solution of the various questions involved. The very difficulties of the problem, and the unsuitableness of a jury to grapple with these difficulties, offer a strong reason for not submitting such questions to that tribunal,
*399 The case of Alexander v. Railway Co., 48 Ohio St., 623, lays down the rule in this state upon this subject. The first clause of the syllabus states the law as follows:
“Where, on the trial of an issue respecting the law of another state, the decisions of the courts of that state are given in evidence to the jury, it is the province of the jury to determine whether or not such decisions have been made, but it is the duty of the court to construe, and deduce from them the rules of law which they establish.’’
And this court, in the case of Railway Co. v. Terry, 14 Circuit Court Reports, 536, has followed the supreme court, though without making special reference to the decision just cited.
Second: The plaintiff in error contends that the trial judge erred in his conclusions upon the evidence submitted as to the law of Michigan,
An examination of the cases introduced in evidence convinces us that the conclusions of the trial judge are correct.
We do not deem it expedient to enter into an analysis of those' cases. That of LaPierre v. Rail Road Co., 99 Mich., 212, wherein it is distinctly held that a conductor of a freight train is the fellow servant of a brakeman on the same train, is directly in point, and dispels any doubt that may have been raised by former utterances of that court. We do not agree with counsel for plaintiff in error that this utterance is a mere obiter dictum. That there were other sufficient grounds upon which to rest the decision is not sufficient to render this an obiter dictum. It was held that the plaintiff had assumed the risk, and that therefore he had no right of action. It might be urged that this also was an obiter dictum, because the court had held that the fact that the injury resulted from the fault of a fellow servant precluded a recovery, and that therefore there was no necessity for saying that he assumed the risk;' and so, it would turn out that the case would not be authority on any question, *400 The fact that counsel may not hav9 dwelt upon this phase-of the case in argument does not destroy its authority.
Third: It is urged that the fault of the railway company consisted in not furnishing the deceased with a safe-place to work, and that this duty cannot be evaded by its-delegation to a fellow servant. That in placing the car on the “spur” track the conductor acted as and in the stead of the company, and thereby rendered the place where decedent was required to work unsafe. By this process of reasoning all distinctions between negligent operations and unsafe places may be readily obliterated. Anything misplaced anywhere on the line of the road by a servant whereby a fellow servant receives injury may afford a right of recovery on the ground that the piece furnished was not safe.
The place where the deceased was put at work was safe, so far -as appears, except for the temporary negligent disposal by a fellow servant of a car on the “spur” track. Now,this conductor does not appear to have been delegated with any special authority with respect to the placing of cars on “spur” tracks or elsewhere on the line of the road. His authority in the moving and placing of cars was similar to that possessed by the deceased. It was in the line of their common duty, and, as held in that state with respect thereto, the authority of the conductor was not so far superior to that of the brakeman as to render them other than fellow servants. Under such circumstances the conductor can not be said to represent the principal in providing a place, even if the placing of the car may be said to constitute providing a place. The term “place”, as used in the rules upon the subject, implies some degree of permanency in the situation and surroundings.
In the case chiefly relied upon by counsel for plaintiff in error, i. e., Palmer v. M. C. R. R. Co., 87 Mich,, 281, there was no question but the person directing the manner of performing the work was especially delegated with that *401 power, but the question related to the manner in which the work wbb to be done, and not to the safety of the place, so that from the fact that in that case the cars were moving as the work of loading them progressed, no argument is properly deducible in support of the proposition that the idea of a place does not involve that of a degree of permanency.
Fourth, and lastly: It is contended that the law of Ohio, and not that of Michigan, should govern in determining whether the facts gave rise to a cause of action in favor of the plaintiff and against the defendant; and that by the laws of Ohio a right of action was given, since by section 3365-20 (being section 3 of an act passed in 1890, found in 87 Ohio Laws, 149), the relation of fellow servant did not exist, but the conductor became and was the superior of the brakeman. It is contended that these provisions apply to all railroad companies owning and operating, or operating, a railroad, in whole or in part,in this state, (section 3365-20, Revised Statutes), and to the employes of such companies; and that it applies to the relations of the parties when without as well as when within the limits of the state, so that in any case in the courts of this state, no matter where the cause of action may arise, the test of the relations cf such parties is to be found in this statute. Applying this to t he case at bar, it is said that though the right to enforce in the courts of Ohio the cause of action arising in Michigan may depend upon section 6134, Revised Statutes, whether a cause of action arose upon the facts stated is to be determined, in so far as the question of the relations of the conductor and brakeman are involved, not by the laws of Michigan,but by section 3365-20, Revised Statutes.
It is also contended that since the contract from which arose the relation of master and'servant between deceased and the railway company, was entered into in Ohio, and the parties thereto were citizens of Ohio, this statute should ■be read into the contract to fix the relations of the contract *402 ing parties to one another, and to determine the relations of deceased to his co-employes in so far as the right and obligation of the contracting parties as between themselves may be affected thereby; and it is said that this cause of action grows out of the violation by the railway company of its duty to the deceased arising out of this contract, or the relation created by the contract, to exercise care that he might not be injure. That the cause of action, though sounding in tort,is dependent upon or modified by the contractual right of the parties, and that, for these reasons, this statute should be given effect when the enforcement of this cause of action is sought in the courts of this state.
This court does not concur in the premises or conclusion of counsel as applied to this case. What view should be taken of certain of these propositions if this were a case between an injured emplpye and a railroad company, or a case other than one by a representative of beneficiaries to recover on account of the death of her decedent caused by the wrongful act, neglect or default of another, we need not now inquire.
The right to maintain an action of this character is given by thejact of April 30, 1880, (77 Ohio Laws, 207), and the amendment thereto, constituting sections 6134, 6134a and 6135, Revised Statutes, and the right is not only created, but it is limited by this statute, and section 6134a expressly provides that “Whenever death has been or may be caused by a wrongful act, neglect of default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory or foreign country, such right of action may be enforced in this state in all cases where such other state, territory or foreign country allows the"enforcement in its courts of the statute of this state of a like character. ” * * *
This, according to our view, clearly provides a limitation *403 upon the right to sue and recover in this state, to-wit, that the law of the state where the negligent act or default occurs must give a right to maintain an action and recover damages in respect thereof. The test as to the right to recover in this state in such cases must be found in the laws of the state where the acts took place which are claimed to have given rise to the cause of action.
In the case of Railway Company v. Terry, 14 Circuit Court Reports, 536, which was for an injury resulting in death in the state of Indiana, it was charged in the petition that the engineer of the train upon which decedent was at work was negligent, and that through his negligence the accident occurred, and plaintiff sought to avail herself of that allegation and of the laws of Indiana applicable thereto by alleging that in the state of Indiana there is a statute making the defendant responsible for the acts of persons in charge of the locomotive. It will be seen that according to this averment the laws of Indiana establish a different rule of liability from that established by the law of Ohio, applied to the same circumstances. The contention of the plaintiff in that case was sustained by the court; in other words, it was held, in effect, that even though a cause of action would not arise under the laws of Ohio upon the facts and circumstance» of the case, yet it was competent to show that such cause of action would arise under the laws of Indiana where the accident occurred, and that such cause of action could be enforced in the courts of Ohio, since the laws of Indiana allowed the enforcement in its courts of the statute of this state of a like character. Certainly it cannot be claimed that a party may come into the courts of Ohio, and there exercise an option to have his cause of action determined by the law of the forum or by the law of the place where the cause of action arose; and we think it is clear that it must be determined by the law of the place where the cause of action arose.
*404 In the case of Railroad Company v. Andrews, Administrator, 14 Circuit Court, 564, this court has held that it is sufficient to aver in the petition, in an action for damages for death caused by a railroad company in another state, brought in Ohio, that a right of action exists in the other state, either by statute of the state,or under the decisions of its courts, by which an action on facts of the character set out in the petition, is provided, and that a right to enforce in the courts of such other state the statute of Ohio in actions of like character is given. And in the course of his opinion, Judge King says, for the court:
“It was necessary for the plaintiff to plead that an action might have been brought upon this cause of action in the state of Michigan,” etc.
We think the complement of the proposition stated in the syllabus in this case is also the law, that is, that the action cannot be maintained in Ohio except upon allegations and proof that a cause of action was recognized and a right of action given in the particular case by tne law of the state where the act or default producing death occurred or was done; that there is no right of action on account of such acf or default occurring in another state, given or recognized or existing in this state independent of the statute upon the subject that has been quoted.
In this connection the case of Pennsylvania Co. v. McCann, 54 Ohio St., 10, has been pressed upon our attention by counsel for the plaintiff in error, and it is urged that the doctrine which controlled the court in that decision requires us to hold in this case that the law of the forum is to determine whether or not a cause of action arose in favor of the plaintiff. The law there under consideration applied to the remedy, and not to the question of the right,or whether a cause of action existed, As said by the court:
“The rules of evidence pertain to the remedy, and usually are the same whether the cause of action in which they *405 are applied arises within or without the state whoso tribunal is investigating the facts in contention between the parties before it. Nor is it material in this respect whether the parties are residents or non-residents of the state. The law of evidence in its ordinary operation is no more affected by one of these considerations than by the other. No extra-territorial effect is given to a statute creating a rule of evidence by the fact that the rule is applied to the trial of a cause of action arising in another state, or to the trial of an action between parties who are non-residents. If the tribunals of a state obtain jurisdiction of the parties and the cause, it will conduct the investigation of the facts in controversy between them according to its own rules of evidence, which is, simply to follow its own laws within its own borders.”
Hurd, Brumback & Thatcher, for Plaintiff in Error.
Potter & Emery, for Defendant in Error.
And the court holds that the.statute under consideration is not limited in its application to causes of action arising within the state.. Whether it would be competent for the general assembly to give a right of action enforciblein this state as between citizens of this state on account of a wrong or default committed outside of the limits of the state, or whether in giving a statute such extra-territorial effect the general assembly would transcend its constitutional power, though earnestly and learnedly discussed before us, we do not find it necessary to consider, for we find, as before stated, that the limitation governing the right of action in this case is provided by the express terms of section G134a, Revised Statutes of Ohio, and that limitation we hold precludes a recovery by the plaintiff upon the facts disclosed by the record.
The judgment of the court of common pleas will be affirmed.