## HAGINS v. AETNA LIFE INSURANCE CO.

1. APPEAL.—Exception based on objection to evidence stating no ground will not be considered on appeal.
2. INSURANCE COMPANY IS BOUND BY THE ACT OF ITS AGENT, who has the authority to issue policies, in changing date of payment of premium by indorsing on back of envelope in which it is delivered a date different to that written in the policy and in the order given by insured on his employer to pay out of his wages.

Before KLUGH, J., Cherokee, November, 1905.    Affirmed.

Action by Lucy Hagins against Ætna Life Insurance Co. From judgment for plaintiff, defendant appeals.

*Messrs. Carlisle & Carlisle,* for appellant, cite: *As to change of date of payment of premium by indorsement on envelope:* 16 Ency., 865; 85 Ky., 787; 86 S. W., 814; 187 U. S., 337. *Premium is still due company after policy is void:* 25 S. C., 323, 327.

*Messrs. G. W. Speer* and *W. S. Hall,* contra. *Mr. Speer* cites: *Objection to testimony should state grounds:* 31 S. E., 634; 36 S. E., 1; 37 S. E., 821; 38 S. E., 232; 43 S. E., 307; 41 S. E., 517; 44 S. E., 380; 40 S. E., 948. *Exception alleging error same as preceding not considered:* 48 S. E., 99. *Nor one stating request alone:* 32 S. E., 431.

*Mr. Hall* cites : *Issue as to amount earned in September is not involved in this appeal:* 34 S. C., 281.

September 24, 1906.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Lucy Hagins brought her action to recover the sum of $1,000 upon a policy of insurance issued by the defendant to J. R. Hagins, her husband, for the benefit of the plaintiff. The policy was issued August 20th, 1903, and the insured was killed in a railroad

accident October 28th, 1903. These facts were set out in the complaint, that all the terms and conditions of the policy had been complied with. A judgment for $1,000, with interest from October 28th, 1903, was demanded. The answer admitted the execution of the policy and the death of J. R. Hagins, but it alleged that the policy sued on was null and void and not in force at the time of the action, for the reason that no premium on said policy had ever been paid by J. R. Hagins, and that said premium had never been earned, and hence contended under the terms of the policy no recovery could be had.

The action came on for trial before his Honor, Judge Klugh, and a jury. Both sides introduced testimony, and after the charge of his Honor, the jury rendered a verdict for the plaintiff for $1,140. A motion for a new trial was made, on the ground that the verdict of the jury was wrong in amount, in that the jury did not credit the amount of unpaid premiums that should have been credited according to the terms of the policy. This motion was granted by his Honor upon the condition that the verdict should be credited with the sum of $20, with interest from October 28th, 1905. Accordingly, judgment was entered for $1,117.20, instead of $1,140.

After the entry of judgment upon the amended verdict, the defendant appealed upon five grounds, which we will now consider in their order. We add, that this case has been before this Court before, 72 S. C., 216, where a new trial was granted.

I. "Because his Honor erred in admitting in evidence the envelope in which the policy was sent to Hagins, and the indorsements, such indorsements being no part of the contract, and it having been shown that the agent that made them had no authority to do so." It is true, the defendant objected to the introduction of the envelope, upon which was entered in the handwriting of the agent of the defendant who issued the policy, the following words: "Payable from wages earned in months of $5.00

October, $5.00 November, $5.00 December, $5.00 in January—total $20.00;" but no grounds of objection were made by said defendant. All he did was to say, "I object." Nothing else is shown in the "Case." This Court has held, in many cases, that it will not consider an exception based on the ruling of the presiding Judge as to the admission of testimony where the case shows that it was merely objected to without stating the objection. *Allen* v. *Cooley,* 53 S. C., 77, 30 S. E., 721; *Norris* v. *Clinkscales,* 59 S. C., 232, 37 S. E., 821, and many other cases of similar import. Besides, the Circuit Judge overruled a motion for a new trial upon this ground, and no exception has been taken on that account. This exception is overruled.

II., III., IV. "Because his Honor erred in charging the jury as follows: 'If you find that the insurance company entered into a contract by which he was to pay the first premium in September, and afterwards modified that contract by allowing him to pay the first premium in October, etc.,' the error being that there was no such modification whatever shown, nor was there any evidence whatever to that effect, except the indorsements on the back of the envelope, which, if competent evidence, could not have been sufficient to change the writing contract entered into by the parties hereto.

"Because his Honor erred in charging the jury as follows: 'If you should find that the insurance company modified that agreement so that the first premium was to be paid out of the earnings for October, etc.,' the error being the same as in the preceding exception.

"Because his Honor erred in charging plaintiff's thirteenth request to charge, for the same reasons that error was made as stated in above exceptions."

To understand the error here complained of, it should be stated that in the body of the policy, in print, it was stated that the insured had agreed to pay $5.00 of his wages for the month of September, 1903; $5.00 of his wages for the month of October, 1903; $5.00 of his wages for the month of No-

vember, 1903; and $5.00 of his wages for the month of December, 1903; and in the order upon the railroad the deceased, J. R. Hagins, had given an order corresponding with the months just announced, but it was in writing, signed by T. J. Maupin, special agent, and it was the said T. J. Maupin who in his own handwriting, as special agent of the defendant, upon the envelope covering the said policy, used the words we have heretofore quoted. stating that the wages earned in the months of October, November, December and January, each for $5.00, should be substituted for the months of September, October, November and December, as printed in the policy. Such being the case, we hold that the agent issuing the policy for the defendant, thereby bound his principal to recognize the modifications of the policy made by him. In *Wilson* v. *Commercial Union Assurance Co.,* 51 S. C., 540, 28 S. E., 91, where this Court was considering the acts of an agent, an insurance company was held liable for the acts of such agent. In the case at bar, T. J. Maupin, as the agent of the defendant, in his name as special agent, issued the policy in question, and it was this same agent who wrote upon the policy the modification of the language of the policy itself. Surely no greater power could be ascribed to such an agent. The defendant itself furnished this agent and held him out to the world as possessing the powers requisite to issue a valid policy. The fact of agency is one of proof and its solution is devolved upon the jury. The jury has found that Maupin was defendant's agent. It was admitted before the jury that Maupin made the change in the policy. It follows that the defendant is responsible for Maupin's conduct as its agent. These exceptions are overruled.

V. "Because his Honor erred in charging as follows: 'The life of the policy is good during the life of the order given for the payment of the premium,' the error being that the policy might be forfeited through the fault of the insured and the premiums might still have been due the company. and for the further reason that said charge is not responsive to any

of the issues herein and tends to confuse the jury." No error was committed here. The Judge was confining his charge to the question presented by the case itself. He was not passing upon abstract questions as to how the policy might be forfeited, but it was as to whether the policy has been forfeited by the changes made by the defendant's own agent; therefore, it might well be said by him that the life of the policy is good during the life of the order given for the payment of the premium. We must overrule this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be, and the same is hereby, affirmed.