Malone v. Morton.

MALONE v. MORTON, *Appellant.*

1. **Negligence:** DEFECTIVE APPLIANCE: AGENCY. In an action against one for an injury resulting from his negligence in furnishing plaintiff, a workman, with a defective chain, the fact that defendant was an agent of a third person is no defence, if the plaintiff was not aware of the existence of such agency until after his cause of action accrued.

2. **Contributory Negligence.** The plaintiff was not guilty of contributory negligence in using the chain, he having a right, under the circumstances of this case, to rely on the assurances made to him by defendant that it was safe.

*Appeal from Pettis Circuit Court.*—HON. J. P. STROTHER, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

(1) There is no liability on defendant here, because he was simply the agent of Liebke & Schrage, and did not conceal that fact. Indeed made it known at the first proper opportunity. The action should be against the principals. *Morgan v. Bowman*, 22 Mo. 538; *Harriman v. Stowe*, 57 Mo. 93; *Buis v. Cook*, 60 Mo. 391. It is seen there is no charge or evidence of *misfeasance* on part of defendant here. He is only charged with *nonfeasance*. When that is so, the principal and not the agent is liable. (2) The facts here show contributory negligence, and therefore plaintiff cannot recover. *Baltimore & O. R. R. Co. v. Stricker*, 51 Md. 47; *Kelley v. Silver Spring Co.*, 12 R. I. 112; *Walton v. Harrison Wire Co.*, St. Louis Court of Appeals; Syllabus in p. i, Addenda to Central Law Journal Nov. 2, 1883.

*U. F. Short* and *W. S. Shirk* for respondent.

(1) The fact of appellant's agency for Liebke & Schrage was not known to respondent when he entered into appellant's employment, nor until after the injury happened, and appellant cannot shield himself from responsibility by showing he was agent for some one else. Hence the court committed no error in excluding testimony as to the character and extent of appellant's agency, nor in refusing his sixth and seventh instructions. (2) Respondent never suspected the insufficiency of the chain which caused the injury. The only complaint made of it prior to the accident was by Wells, a fellow-servant. Then appellant quieted all apprehension of danger by saying from his observation of former tests that the chain was sufficiently strong. Respondent had never worked with such machinery before and had not an equal opportunity of knowing the danger, and could not be presumed to have incurred the risk voluntarily.

Cooley on Torts, p. 553, sec. 2.    *McGowan v. St. Louis and Iron Mountain R. R. Co.*, 61 Mo. 528; Thompson on Negligence, vol. 2, p. 974, sec. 5.    (3)   The question of contributory negligence upon the part of respondent was fairly submitted to the jury under the instructions, and was doubtless considered by them in finding their verdict.

DeArmond, C.—James   Malone sued James Morton before a justice of the peace for one hundred and fifty dollars, for injuries to his arm, received from the breaking of a chain while engaged for Morton in transferring heavy logs from one railroad car to another, at Sedalia. Defendant answered, and on trial by a jury plaintiff recovered the amount sued for.    An appeal being taken to the circuit court defendant withdrew his answer (of the contents of which we know nothing), and a second jury awarded plaintiff the full amount for which he sued, one hundred and fifty dollars.    The evidence was that defendant was acting as the agent of Liebke & Schrage of St. Louis, but that nothing was said about defendant's being an agent, and plaintiff knew nothing of the fact of agency, until after the injury complained of occurred. The evidence further tended to prove that plaintiff knew nothing about such work, or about the character or strength of the appliances and machinery necessary or proper for such operations.    That on the day plaintiff began to work for defendant, the day preceding the accident, one Wells, a fellow-servant, suggested that he thought the chain (from the breaking of which the accident happened) too weak.    That McLaughlin, another servant, the "boss" in defendant's absence, said there were other chains and ropes on the fence by his house, which was four or five rods away, which they could get and use.    That defendant then said he had loaded larger logs with that chain, and it was sufficient.    There the subject dropped, and the chain was continued in use until the next day, when it broke.

Plaintiff testified that he had no fears of the chain breaking after defendant assured them it was sufficient; that he supposed defendant knew, as he claimed. Wells testified that he continued to fear the chain would break, and kept on the lookout for such occurrence. When the chain broke Wells was working at one end of the windlass, and stepped off the "crab" and escaped injury; while plaintiff at the other end, was, with the "crab," thrown fifteen or twenty feet, and his arm severely bruised or slightly fractured at the elbow. The defendant offered to prove the particulars of his agency and the scope and extent of his authority, which evidence the court refused to admit.

The court instructed the jury on the theory that defendant's agency was immaterial, since the fact of its existence was not disclosed to plaintiff or heard of by him until after the injury; that it was defendant's duty to provide reasonably safe appliances, machinery and tools for plaintiff's use, and that for a neglect or failure so to do he could be held liable for injuries caused by such neglect or failure; that if the injury resulted primarily from defendant's neglect to provide such appliances, etc., and plaintiff exercised reasonable caution and care, under the circumstances, and did not by his own negligence directly contribute in any manner to the injury complained of, he could recover. That if plaintiff heard Wells complain about the insufficiency of the chain and defendant said it was sufficient, that he had drawn larger logs with it, then plaintiff was not guilty of contributory negligence in continuing to work with the chain, if he was inexperienced in such matters and relied on defendant's statement that the chain was sufficient.

This, I think, put the case fairly to the jury and the evidence supports the verdict. The fact of defendant's being an agent only, is immaterial, since that fact was unknown to plaintiff until after his right of action had

accrued.   Story on Agency, secs. 266, 290, 396.   Plaintiff, under the circumstances, had a right to rely upon defendant's assurance that the chain was sufficient ; and in the trial it appears to have been conceded that it was not sufficient or reasonably safe, and on this point no objection is urged, the defence being predicated on contributory negligence on the part of plaintiff and on defendant's being only an agent.   Cooley on Torts, 560 ; *McGowan v. St. Louis & Iron Mountain R. R. Co.*, 61 Mo. 528.

I think the judgment should be affirmed.   All concur.