JOHN HIGGINS, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 2, 1891.

1. **Trial Practice:** DEMURRER TO EVIDENCE : RULES AS TO. Where there is no evidence to sustain the material allegation of the petition, there is nothing for the jury to consider, and the court may so declare; but when the facts are disputed or when a material fact is left in doubt, or there are inferences to be drawn from the facts proven, or when there is some evidence, however slight, tending to establish some of the facts necessary to a recovery, the case under proper instructions should be submitted to the jury.

2. **Master and Servant:** SUITABLE APPLIANCES : DILIGENCE : LIABILITY. The master impliedly contracts to furnish suitable machinery and appliances for his employe to work and operate with, and he must use due care in that behalf, and is liable for damages occasioned by neglect or omission in that respect; but he is not the absolute insurer of the safety of the servant, nor is he bound to provide the most approved equipments or such as are absolutely safe, but only such as are reasonably safe.

3. ———: VICE-PRINCIPAL : FELLOW-SERVANT. The foreman of a gang engaged in unloading a large stone from a flat car, who was not working with the men but was present giving orders to the men in relation to the moving of the stone, is the representative or vice-principal of the defendant.

| 43 | 547 |
| --- | --- |
| 55 | 575 |
| 43 | 547 |
| 86 | 150 |
| 86 | 436 |
| 43 | 547 |
| 93 | ² 60 |
| 43 | 547 |
| 100 | ²561 |

4. ———: TRIAL PRACTICE : DEMURRER TO EVIDENCE. Whether the defendant failed or not to furnish the plaintiff with suitable and reasonably safe appliances, etc., with which to perform his work in the required method, is *held* under the evidence in this case to have been properly submitted to the jury.

5. ———: JUDGMENT OF MASTER : SERVANT'S KNOWLEDGE OF DAN- GER : QUESTION FOR JURY : NEGLIGENT OBEDIENCE. The servant has a right to rely on the judgment of the master and assume that the instrumentalities and appliances furnished him were reasonably safe ; and whether the servant knew the danger to be anticipated from their use was, under the evidence in this case, for the jury under proper instructions ; and it cannot be said that the servant is negligent in obeying orders of the master, unless to do so was clearly to bring a danger to life or limb, nor is he bound to set his judgment against that of his master about things over which there can be a difference of opinion in the minds of prudent persons.

6. Instructions : NON-PREJUDICIAL ERROR. An instruction requir- ing the jury to find an unnecessary condition before finding for the plaintiff is 'not prejudicial error of which the defendant can complain.

7. Master and Servant : PLEADING : CONTRIBUTORY NEGLIGENCE : FELLOW-SERVANT. The mere averment in the answer to the ser- vant's action for damages on account of the master's negligence, that the injury was caused by the plaintiff 's own negligence, is not sufficient to let in the defense that the injury was caused by the negligence of a fellow-servant.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Thomas J. Portis* and *Henry G. Herbel,* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. *Smith v. Railroad,* 69 Mo. 35 ; *Worheide v. Car Co.,* 32 Mo. App. 370 ; *Naylor v. Railroad,* 53 Wis. 661 ; s. c., 5 Am. & Eng. R. R. Cases, 462 ; *Harty v. Railroad,* 95 Mo. 368 ; *Armour v. Hahn,* 111 U. S. 318 ; Wood on Master & Servant, p. 818 ; *Allen v. Gas Co.,* L. R. 1 Ex. D. 251 ; *Walsh v.*

*Railroad*, 27 Minn. 367 ; s. c., 2 Am. & Eng. R. R. Cases, 145 ; *Railroad v. Williams*, 12 S. W. Rep. 174 ; *Nolan v. Shickle*, 69 Mo. 336. (2) The court erred in giving the instructions asked by plaintiff. (3) The court erred in refusing to give the instructions asked by defendant. *Harty v. Railroad*, 95 Mo. 371. (4) The verdict was against the evidence and instructions given by the court, and the court, therefore, erred in overruling defendant's motion for a new trial.

*Sherry & Hughes*, for respondent.

(1) Appellant not having stood on its demurrer to the testimony, and having introduced testimony in its own behalf, brings up the whole testimony for review. *McCarthy v. Railroad*, 15 Mo. App. 385 ; *Cadmus v. Bridge Co.*, 15 Mo. App. 86 ; *Goodyer v. Finn*, 10 Mo. App. 226 ; *Harris v. Railroad*, 89 Mo. 233. (2) Where there is any evidence at all to sustain the verdict in actions at law, the appellate court will not disturb it. *Baum v. Fryrear*, 85 Mo. 151 ; *Pike v. Martindale*, 91 Mo. 268 ; *Culverhouse v. Wert*, 32 Mo. App. 419. (3) Where the facts established are such that the jury may reasonably draw legitimate inferences tending to prove negligence, the court will not disturb a verdict. *Kelly v. Railroad*, 70 Mo. 604 ; *Berry v. Railroad*, 98 Mo. 70, 71 ; *Wagner v. Railroad*, 97 Mo. 523 ; *Huhn v. Railroad*, 92 Mo. 250. (4) It is the duty of a railroad company to use reasonable care and precaution in procuring proper machinery and appliances for the use of their servants, and if they fail to do so it is negligence. And whether it is negligence for the master to furnish or fail to furnish a particular kind of appliance, is a question for the jury. *Abel v. Canal Co.*, 5 Cent. Rep. 615 ; *Railroad v. McClellan*, 84 Ill. 109 ; *Freemouth v. Railroad*, 10 Com. Ben. ( U. S.) 89 ; *Railroad v. Stout*, 17 Wall. 657 ; Wood's Master & Servant [ 2 Ed.] secs. 357-9, pp. 733-741. (5) An

employe charged with the duty of working machinery and appliances with another employe is not a coemploye in such a sense as to relieve the employer from responsibility for an injury to one of them which happens through the defect of the machinery, although that defect may have been brought about by the negligence of another employe. *McDade v. Railroad*, 26 Am. & Eng. R. R. Cases, 325; *Railroad v. Herbert*, 116 U. S. 652; 24 Am. & Eng. R. R. Cases, 407.

SMITH, P. J.—This was an action brought by the plaintiff against defendant to recover damages for personal injuries occasioned by the negligence of the defendant. The petition alleged that plaintiff at the time of the injury complained of, with five other men, was working under the immediate orders and supervision of the roadmaster and the foreman in charge of the force, the roadmaster directing the work. The petition contained substantially these, among other, allegations that while he was engaged in obedience to the orders of said roadmaster in unloading from said cars a stone or rock weighing about ten tons, and was prying up the rock for the purpose of putting rollers under it, and while so engaged the car upon which plaintiff had been ordered to work tipped over on the side, throwing the stone off, and suddenly fell back, throwing plaintiff suddenly and violently to the ground upon stones and cross ties, whereby he was injured; that the tools, implements and apparatus with which the defendant was doing said work and removing and unloading said rock at said time and place were defective and unsafe, and said work was performed in an improper and unsafe manner under the orders of said roadmaster, of all which plaintiff had no knowledge; That in doing said work and in removing and unloading said stone defendant carelessly and negligently attempted to remove the same by prying the rock up and placing under it rollers, and when the said work was so

done it was dangerous and unsafe and liable to upset the car and do other injury, of all of which plaintiff had no knowledge and all of which defendant well knew ; that in doing said work it was the duty of defendant to plaintiff to use proper and safe tools, implements and apparatus, and to employ a sufficient number of servants and hands to do said work in a safe and proper manner, and to use due care in all respects in doing said work, but that defendant negligently and carelessly failed to perform said duty, in so much that it negligently and carelessly failed to furnish and use proper and safe tools, implements and apparatus and that it negligently and carelessly failed to have and use at said time and place a sufficient number of servants to do said work in a safe and proper manner, by reason of the negligence of defendant's servants, the said road-master and foreman in requiring the said work to be done in an unsafe and insecure manner, and in negligently failing to inform plaintiff of the dangerous character of said work, plaintiff was injured.

The evidence tended to show that plaintiff was an old man who commenced work for defendant on the twenty-eighth day of May, 1888, and received the injury for which the suit was brought two days later. That he with some other laborers, were engaged in loading from a flat car a large stone weighing about ten tons and covering almost the entire width of the car, about four feet thick and six or seven feet long ; the rock was being dumped into the river for ballast. It was being unloaded by first having it on rollers, and then, by means of a fulcrum or lever used by the men on the ground, started forward and off the car. It was necessary to place a heel under the lever, which would rest on the platform of the car and for somebody to be on the car to put the heel under the crowbar ; it could not be done from the ground. Plaintiff was on the car for that purpose. When he had placed the heel there, the men on the ground pulled down on the lever and

the rock went into the river, the car tipped, and on the rebound threw respondent down and fractured his hip-bone. There was no derrick used to unload the car, nor was the car chained down to the rail. There was evidence introduced to show that it was dangerous to unload a rock the size of this one without a derrick; and defendant's witness Robert Cain testified that the usual method of unloading was to chain the flat car down to the rail. He testified, " We have the car chained to the rail so it won't tip," 'and that his instructions to his hands were, in unloading these large stones, to keep the car chained down to the rail; also : " If it had been chained to the rail, then it wouldn't have tipped up." The evidence, undisputed, showed that the *car did tip up and that plaintiff was injured.*

There were a number of instructions given, to some of which reference will be made hereafter. The plaintiff had judgment and defendant appealed.

I.    The first ground of objection upon which defendant bases its appeal is that the trial court erred in overruling its demurrer to the evidence. In a case where there is no evidence to sustain the material allegation of the petition there is nothing for the jury to consider and the court may so declare. But when the facts are disputed, or a material fact is left in doubt, or there are inferences to be drawn from the facts proven, the case under proper instructions should be submitted to the jury. *Kelly v. Railroad,* 70 Mo. 604 ; *Cook v. Railroad,* 63 Mo. 63. And when there is some evidence however slight, tending to establish some of the facts necessary to a recovery, the plaintiff has a right to have it passed upon by a jury. *Kelly v. Railroad, supra.*

The defendant impliedly contracted to furnish suitable machinery and appliances for its employes to operate and work with,—this it is bound to do. *Moore v. Railroad,* 85 Mo. 588 ; Wood on Master & Servant, sec. 329. It is the duty of the master to use due care in

supplying and maintaining suitable instrumentalities for the performance of the work or duty which he requires of the servant, and he is liable for damages occasioned by a neglect or omission to fulfill his obligation, whether it arises from his own want of care or that of his agents to whom he entrusts the duty. *Flynn v. Railroad,* 78 Mo. 195 ; *Malone v. Martin,* 84 Mo. 436 ; *Snow v. Railroad,* 8 Allen, 447. The master does not become the absolute insurer of the safety of the servant, nor is he bound under all circumstances to provide for him the most approved or best improved machinery and equipments or such as are absolutely safe, but only such as are reasonably safe and appropriate under the circumstances in any given case.

Thomas Maher was the foreman of the force of men engaged in unloading the cars at the time the plaintiff was injured. He was not at work with the men but was present giving the orders to the men in relation to the moving of the stone. The roadmaster was several miles away supervising other work which he was having done. Undoubtedly Maher was the representative or the vice-principal of the defendant corporation at the time this plaintiff was hurt. The corporation was present in his person directing the plaintiff and the other men who were its servants. Under the rule now well established in this state there is no doubt that the foreman in charge of the men and directing the performance of the work in question was acting strictly in the place of his employer, the defendant, in accordance with and representing the employer's will, and not his own. He spoke and acted for the defendant. He was the defendant in a legal sense, as to the plaintiff at the time of his injuries.

Keeping in view the principles to which we have just briefly alluded, it is plain that the question which the demurrer raises really is whether there was any evidence adduced, however slight, which tended to show,

that the defendant failed to furnish to the plaintiff suitable instrumentalities and appliances for the performance of the work which it required of him at the time of his injury ? If it did not the demurrer was properly overruled. The evidence tended to show that there were two suitable machines or instrumentalities that may be and are usually used, which are reasonably safe for moving great stones, weighing from six to eight tons from railway cars,—one a derrick,—and the other is called "the roller method," which is accomplished by the use of a chain by which the car to be unloaded is fastened down to one of the rails of the track on' which it stands and the employment of crowbars as levers, which are supported by fulcrums resting on the car ; by operating these appliances the stone, being on rollers, would "pass off the car." There was no evidence tending in the remotest degree to show that where the roller method is employed that the lever and fulcrum alone are suitable instruments to accomplish this. The defendant's own roadmaster testified that to prevent the car from "tipping up" it should be chained down, and if it was chained down there would not be very much danger to the men of the car tipping up. This witness further testified that his instructions were in unloading heavy stones to keep the car chained down.

In this case the vice-principal of the defendant in charge of the work, and under whose direction the plaintiff was engaged in unloading the car, failed to furnish the plaintiff and his fellow-servants the chain which was necessary to fasten down the car, or to take that precaution which was required of him by the orders of the roadmaster. How can it be said that the defendant furnished plaintiff suitable and reasonably safe machinery and appliances with which to unload its cars by the roller method when one of the essential instruments was not furnished or included. The chain and its use was as necessary a part of the apparatus as was the crowbar. But whether the defendant failed or not to furnish

the plaintiff with suitable and reasonably safe appliances and instrumentalities, with which to perform the roller method of doing the work required of him, was a question properly submitted to the consideration of the jury, since there was some evidence to support that averment. The uncontradicted evidence is that the "tip up" of the car which caused plaintiff's injury was occasioned by the absence of the chain, fastening the car to the rail, which it was the duty of the defendant to furnish. So that the direct and proximate cause of the injury was the neglect of the defendant to furnish the chain to fasten down the car.

There was no evidence that the plaintiff, who was a common laborer, knew that the defendant's car could not be unloaded with reasonable safety, with the appliances furnished. The plaintiff had the right to rely upon the judgment of defendant's vice-principal, and to assume that the instrumentalities and appliances furnished him for doing the work required were reasonably safe. Whether the plaintiff knew the danger to be anticipated from their use was a question for the jury to determine under proper instructions. *Flynn v. Railroad*, 78 Mo. 196 ; *Muirhead v. Railroad*, 19 Mo. App. 635. The plaintiff was working as the evidence shows under the orders of the master and it cannot be said that he was guilty of negligence in obeying such orders unless to do so was clearly to bring on danger to life or limb. The servant is not, at the peril of being discharged, bound to set up his judgment against that of his master about things over which there can be a difference of opinion in the minds of prudent persons. *Stephens v. Railroad*, 96 Mo. 213. As to whether a stone when being unloaded from a car by the roller method would cause it to tip up would depend largely upon certain conditions such as the gauge of the track, the width of the platform, the weight of the car, and the stone itself and the like. And because one is presumed

to be acquainted with the ordinary principles of gravitation and leverage must he also be presumed to know the foregoing conditions in any given case. If the plaintiff knew these conditions in respect to the car on which he was injured, of which there is not the slightest evidence, then the alternative was forced upon him to either quit the work or take the risk of the danger incident to remaining. We cannot think the risk of the danger was of that obvious character, with which he would be presumed to be familiar. At all events the case as has been stated was one for the jury to determine on all the facts and circumstances in evidence.

It follows from these observations that the court did not err in refusing to withdraw the case from the consideration of the jury.

II.   The defendant complains that the court erred in giving the plaintiff's first instruction which told the jury that if the plaintiff, without his fault was injured on account of the *negligence of defendant in failing to furnish suitable implements and apparatus with which to perform the work in which he was engaged*, and that the said work was being performed in an unsafe and improper manner under the direction of and on the part of defendant, that the jury should find for plaintiff. As to that part of the instruction which we have *italicized* it is sufficient to say that, according to the authorities cited in the preceding paragraph of this opinion, it declares a correct rule of law applicable to the case. And as to that part of the instruction relating to the performance of the work in an unsafe and improper manner it may be remarked that it required the jury to find a fact which was not a necessary condition precedent to the plaintiff's right of recovery. If this part of the instruction had been eliminated, and the jury had found for the plaintiff in the other branch of it, the plaintiff would have been entitled to a verdict. The defendant was not prejudiced by this unnecessary and self-imposed condition upon which the plaintiff placed

his right of recovery.   It was requiring the jury to find an immaterial fact which was likely to be more harmful to the plaintiff than to the defendant, and of which the latter ought not to complain.

III.   The instructions given for defendant were quite comprehensive in their scope including every conceivable ground of defense.   It may be well doubted whether or not the instruction, which told the jury that if the plaintiff's injury was caused by the negligence of his fellow-servants that he could not recover, should have been given.   There is no allegation in the answer of the defendant that the plaintiff's injury was caused by the negligence of the plaintiff's fellow-servants.   The mere averment that the injury was caused by the plaintiff's own negligence is not sufficient to let in the defense that the injury was caused by the negligence of fellow-servants.   *Conlin v. Railroad*, 36 Cal. 404 ; Deering on Neg., sec. 202 ; 2 Estee's Plead. and Form, p. 875.

This was properly new matter which would go to defeat or avoid the plaintiff's action, and, if so, it should have been pleaded.   If it was a fact which was not included in the allegations necessary to the support of the plaintiff's case then it should have been set up in the answer.   *Northrup v. Ins. Co.*, 47 Mo. 435.

But, however this may be, it seems to us that the case was in the main fairly submitted to the jury upon the evidence and instructions.   We have been unable to discover any just grounds for complaint either on account of the action of the court or the verdict of the jury, and we shall therefore affirm the judgment.   All concur.