### VINSON, by next friend, v. MORNING NEWS.

1. In an action by a servant against a master the defendant can take advantage of the defense that the injury was the result of the negligence of a fellow-servant, without interposing a special plea to that effect.

2. The evidence amply warranted the verdict. The charge, when considered as a whole, fairly submitted the different issues to the jury ; and if any error was committed at all, it was not of such a character as to require a reversal of the judgment refusing a new trial.

Argued July 24, — Decided August 14, 1903.

Action for damages. Before Judge Norwood. City court of Savannah. January 16, 1903.

*W. H. Wade* and *Saussy & Saussy,* for plaintiff.

*Lester & Ravenel,* for defendant.

COBB, J. This was an action against a job-printing establishment, a corporation, by an employee, to recover damages for injuries alleged to have been sustained by the plaintiff while working a printing-press. The jury returned a verdict in favor of the defendant, and the plaintiff excepts to the overruling of his motion for a new trial. The evidence authorized the finding of the jury. In fact, it not only warranted but it almost demanded a finding that the plaintiff's injuries were the result either of a mere accident or of his own carelessness. The judgment refusing to grant a new trial will therefore not be reversed, unless there has been some error of law which had a tendency to substantially affect the finding of the jury on the facts. The plaintiff was a young man seventeen years of age, and inexperienced in operating a printing-press. He claims that his injuries resulted from the fact that he was put to work upon the press before he was sufficiently instructed as to the dangers incident to the operation of the machine, and that the immediate cause of the injury was the fact that the employee who was assigned to the duty of instructing him negligently increased the speed of the press at which he was working, and as a result his hand was caught therein, when it could have been removed if the speed had not been increased. The judge charged the jury fully on the subject of the duty of a master to instruct inexperienced employees. He also charged the law in reference to the non-liability of a master to one servant for injuries due to the negligence of a fellow-servant. The charge, considered as a

whole, instructed the jury in effect that it was the duty of the defendant to cause plaintiff to be instructed in regard to the dangers incident to the operation of the machine at which he was put to work, and that if he was informed as to the dangers and the manner of operating the machine, he was then bound to exercise for his own protection that degree of diligence which should be expected of a person of his age, experience, and capacity; that if the defendant had complied with its duty in giving the necessary instruction to the plaintiff in regard to his duties and the dangers incident thereto, then after such instructions were given and were understood by the plaintiff, or could have been understood by him, he became an employee of the defendant subject to all the duties, responsibilities, and liabilities of any other employee, save only that the degree of diligence to be expected of him was not the diligence of an adult, but simply the diligence to be expected of a young man of his age, experience, and capacity.   There was sufficient evidence to authorize a finding that the defendant had complied with its duty in reference to instructions, and there was also evidence authorizing a finding that the dangers incident to the operation of the machinery were of such a character as to be patent to a young man of the age, capacity, and experience of the plaintiff; that he was of sufficient capacity to know the dangers incident to the operation of the machine at the different rates of speed at which it was operated, and the dangers incident to the change from a slower to a faster speed, and that the change in speed would be obvious to him.   There was evidence which authorized à finding that the injury to the plaintiff was not the result of any change of speed or any way in which the machine was operated. The charge of the judge, as a whole, is free from substantial error, and fairly submitted the issues raised by the evidence.

The issues raised by the evidence authorized a charge on the doctrine of fellow-servant, and the evidence demanded a finding that the employee who caused the change in speed of the machine was a fellow-servant, provided the jury believed, as they had a right to do under the testimony of this very employee, that the defendant had passed out from under the period of necessary instruction.   It is contended, though, that the judge had no right to charge upon the doctrine of fellow-servant, because there was no plea setting up this defense, and that the judge gave the defendant the benefit of a

defense which it had not set up in its answer. The authorities in other jurisdictions are not uniform on the question as to whether, in a suit by a servant against a master, the defense of injury by the negligence of a fellow-servant can be set up when not specially pleaded. 13 Enc. P. & P. 913; Wilson *v.* Railway, 51 S. C. 79; Sayward *v.* Carlson, 1 Wash. 30; Sheehan *v.* Prosser, 55 Mo. App. 570. So far as we are informed, the question has never before been presented to this court. It has been the usual practice in this State heretofore to allow this defense under the general issue prior to the pleading act now of force, and since that act under an answer which denies liability in general terms. We do not think that under our liberal system of pleading this is a defense of such a nature as is required to be specially pleaded. If the judge committed any error at all during the progress of the trial, we do not think it was of such a character as to require us to reverse his judgment refusing a new trial.

*Judgment affirmed. All the Justices concur.*