Argued 12 October, decided 31 October; rehearing denied 28 November, 1904.

## DUFF *v.* WILLAMETTE STEEL WORKS.

[78 Pac. 363, 668; 17 Am. Neg. Rep. 121.]

BLACKSMITH AS FELLOW SERVANT WITH A HELPER.

1. A blacksmith merely working in a machine shop for wages, and not intrusted with any duty toward other employés, is a fellow servant with a helper of another blacksmith at another forge.

NEED OF PLEADING NEGLIGENCE OF FELLOW SERVANT.

2. Under Section 72 of B. & C. Comp., requiring an answer to contain a general or specific denial of every material allegation controverted by defendant and a statement of any new matter constituting a defense or counterclaim, a defense that an injury complained of was the result of the negligence of a fellow servant, is new matter which defendant must plead, in order to render the same available.

EFFECT OF NEGLIGENCE OF FELLOW SERVANT—NONSUIT.

3. If it clearly appears from the testimony offered on behalf of the plaintiff in a personal injury case that the injury resulted from the negligence of a fellow servant the court should enter a nonsuit, though that defense is not pleaded, since it is thereby apparent that plaintiff has not a cause of action.

INSTRUCTION ON ISSUES NOT MADE BY PLEADINGS.

4. In an action for personal injuries, an instruction is erroneous which permits a verdict for defendant, if the injury resulted from the negligence of a fellow servant, where that defense is not pleaded.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. JUSTICE BEAN.

Action by M. L. Duff, as administrator of James Duff, deceased, against the Willamette Iron & Steel Works. This is an action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The defendant is the owner of a foundry and machine shop in Portland, and has in connection therewith a blacksmith shop, in which are five or six forges. At the time of the accident E. W. Jones was the general foreman of the defendant; John Hylander was a blacksmith in its employ; and the plaintiff's intestate was a blacksmith's helper, working at a forge about twenty feet from the forge where Hylander worked. Some weeks before a customer of the defendant had left with it a hollow piston head, which had formerly been used, to be shrunk on a rod. The foreman told Hylander to take the

piston head, heat it in the fire, and shrink it on the rod. While he was heating it for that purpose, he noticed escaping steam, but did not remove the piston head from the fire, and it exploded, killing plaintiff's intestate. The complaint charges that it was defendant's duty to furnish plaintiff's intestate a safe place in which to work, and safe and suitable materials and appliances upon which to work; that, notwithstanding its duty in that behalf, through the negligence and carelessness of its agents and employés, it wrongfully caused the piston head to be put in the fire for the purpose of expanding the same, without examining it to ascertain whether it was safe to do so, and without first making an opening to the cavity, so that water and other substances therein, which might be generated into steam, could escape, and that by reason of such negligence the piston head exploded, killing plaintiff's intestate. The answer denies the negligence charged, and, for an affirmative defense, avers that the explosion of the piston head and the consequent injury to the plaintiff's intestate were due to an unavoidable and inevitable accident, against which defendant could not by reasonable care have guarded, and that the plaintiff's intestate was himself guilty of contributory negligence. The affirmative allegations of the answer were put in issue by the reply, and the trial resulted in a verdict and judgment for the defendant. Plaintiff appeals, assigning error in the giving and refusal of instructions by the trial court.    REVERSED.

For appellant there was a brief over the names of *Chamberlain & Thomas* and *John F. Logan*, with an oral argument by *Mr. Geo. E. Chamberlain.*

For respondent there was a brief over the names of *Hogue & Wilbur* and *Joseph Simon*, with an oral argument by *Mr. Ralph W. Wilbur.*

Mr. Justice Bean delivered the opinion.

Several points are made in the brief, and were urged at the argument, which are all grounded substantially on the contention that the court erred in instructing the jury that Hylander was a fellow servant of the deceased, and that plaintiff could not recover if the accident was caused by the negligence of Hylander. The question thus raised involves two inquiries: (1) Was Hylander in fact a fellow servant of the deceased? (2) Is the defense that the injury was the result of a fellow servant's negligence available to the defendant unless pleaded?

1. At the time of the accident, Hylander and the deceased were both engaged in the discharge of the duties of operatives. Hylander was not charged with the performance of any duty that the master owed to the deceased. It was not his business to provide a reasonably safe place in which the deceased could work. That duty had been intrusted by the defendant to other employés, and not to Hylander. Under the decisions, therefore, Hylander was a fellow servant of the deceased, for whose negligence the defendant is not liable to the plaintiff: *Mast* v. *Kern*, 34 Or. 247 (54 Pac. 950, 75 Am. St. Rep. 580); *Johnson* v. *Portland Stone Co.* 40 Or. 436 (67 Pac. 1013, 68 Pac. 425). In *Anderson* v. *Bennett*, 16 Or. 515 (19 Pac. 765, 8 Am. St. Rep. 311), the injury occurred through the negligence of one who was charged with the performance of the master's duty; while here the alleged negligent servant was a mere coemployé of the deceased, working at the time of the accident in a common employment. If the injury, therefore, was in fact due to his negligence, and not that of some agent or employé acting for the master, the defendant is not liable.

2. Upon the second question the authorities are in conflict: 13 Enc. Pl. & Pr. 913. In some jurisdictions it is

45 Or.——31

held that the defense that the injury complained of was
due to the negligence of a fellow servant may be made
under a mere denial of the negligence charged in the
complaint: *Vinson* v. *Morning News*, 118 Ga. 655 (45 S. E.
481); *Sheehan* v. *Prosser*, 55 Mo. App. 569; *Wilson* v.
*Charleston & Savannah R. Co.* 51 S. C. 79 (28 S. E. 91);
*Sayward* v. *Carlson*, 1 Wash. 29 (23 Pac. 830). But other
decisions hold that the defense, to be available, must be
pleaded: *Conlin* v. *San Francisco, etc., R. Co.* 36 Cal. 404;
*Bjorman* v. *Fort Bragg Redwood Co.* 104 Cal. 626 (38 Pac.
451); *Gibson* v. *Sterling Furniture Co.* 113 Cal. 1 (45 Pac.
5); *Layng* v. *Mt. Shasta Min. Spring Co.* 135 Cal. 141 (67
Pac. 48); *Higgins* v. *Missouri Pac. R. Co.* 43 Mo. App. 547;
*Kerr-Murray Mfg. Co.* v. *Hess*, 98 Fed. 56 (38 C. C. A.
647). So far as we are informed the question has never
before been presented to this court. In our opinion, the
latter rule is more in harmony with the spirit and pur-
pose of the Code and the previous decisions of the court
than the former. The statute requires the answer to con-
tain a general or specific denial of every material allega-
tion controverted by the defendant, and the statement of
any new matter constituting a defense or counterclaim:
B. & C. Comp. § 72. The purpose of this provision is to
require the answer to notify the plaintiff of the facts in-
tended to be relied upon for a defense, so that he may
prepare to meet them on the trial, and also to confine the
inquiry on the trial to the issues actually made: *Troy
Laundry Co.* v. *Henry*, 23 Or. 232 (31 Pac. 484). The
statute has always been rather strictly construed, the court
holding that evidence is inadmissible, under the denials,
of facts which attempt to avoid the force and effect of the
cause of action alleged in the complaint, such as contrib-
utory negligence, fraud, payment, estoppel, and the like,
which must be affirmatively pleaded: *Rugh* v. *Ottenheimer*,
6 Or. 231 (25 Am. Rep. 513); *Remillard* v. *Prescott*, 8 Or.

37; *Grant* v. *Baker*, 12 Or. 329 (7 Pac. 318); *Guille* v. *Wong Fook*, 13 Or. 577 (11 Pac. 277); *Benicia Agr. Works* v. *Creighton*, 21 Or. 495 (28 Pac. 775, 30 Pac. 676); *Clark* v. *Wick*, 25 Or. 446 (36 Pac. 165); *Coos Bay R. Co.* v. *Siglin*, 26 Or. 387 (38 Pac. 192); *Farmers' Nat. Bank* v. *Hunter*, 35 Or. 188 (57 Pac. 424).

It is argued, however, in support of the position that the negligence of a fellow servant may be shown without pleading it, that the tendency of such evidence is to prove that there was no negligence whatever on the part of the defendant.    If such be the effect of the evidence, it would be admissible under the denial, because the defendant has a right to give evidence under his denial controverting any fact necessary to be established by the plaintiff to authorize a recovery : Bliss, Code Pl. (2 ed.) §§ 330, 337 ; Pomeroy, Code Rem. (4 ed.) § 664; *Buchtel* v. *Evans*, 21 Or. 309 (28 Pac. 67).   But we do not understand that the plaintiff is required to allege or prove, in the first instance, that the injury was not due to the negligence of a fellow servant, nor would evidence of such negligence controvert any fact necessary to be established by the plaintiff in order that he may recover.   The fact that the injury resulted from defendant's negligence is put in issue by the denial.   Defendant, therefore, may show affirmatively under the denial that the injury arose from some other cause, such as the act of some person not its agent or employé.   When, however, the defense admits that some agent or employé of the defendant was negligent, but tends to show that plaintiff has no cause of action, because the negligent agent or employé was a fellow servant with the injured party, such defense, it seems to us, is new matter, and ought, under our system, to be pleaded.

The defense of negligence of a fellow servant is, in effect, a plea of confession and avoidance.   It amounts to nothing more than an admission by the defendant that

one of its servants has been negligent, and an assertion that the plaintiff cannot recover on account thereof because of the relation sustained by him to the negligent servant. Such an admission would make the defendant liable under some circumstances and to some persons for the act of the negligent servant, but not to the particular servant injured, because of the rule of law alluded to. Proof that the injury resulted from the negligence of a fellow servant does not show or tend to show that the plaintiff's statements are untrue, nor does it show a want of negligence on the part of the defendant, but simply indicates a reason why the plaintiff cannot recover, notwithstanding such negligence, and ought to be pleaded.

Judgment reversed and a new trial ordered.

REVERSED.

---

Decided 28 November, 1904.

On Motion for Rehearing.

Mr. Justice Bean delivered the opinion.

3. Where, in a personal injury case, it clearly appears from plaintiff's testimony that the injury was due to the negligence of a fellow servant, he should be nonsuited, although such negligence is not pleaded as a defense, for the same reason that he should be if his proof shows that the injury was due to contributory negligence: *Tucker* v. *Northern Term. Co.* 41 Or. 82 (68 Pac. 426). But there is no such question in this case. The bill of exceptions does not purport to contain all the evidence, and the court below ruled — we must assume, correctly — that there was evidence tending to show that the death of plaintiff's intestate was not due to the negligence of Hylander, a fellow servant, but to that of Jones, who stood in the place of and represented the master.

4. There was a controversy as to whether there was any negligence at all, and, if so, whether it was that of Jones or Hylander. The court charged the jury that, if the accident was due to the negligence of Jones, plaintiff could recover, but, if to that of Hylander, he could not. The latter instruction was error, because it submitted to the jury a defense not pleaded, and it is immaterial whether it was based upon testimony given by the plaintiff or the defendant. The statement in *Wild* v. *Oregon Short Line Ry. Co.* 21 Or. 159 (27 Pac. 954), that "the negligence of a co-servant with plaintiff engaged in the same general undertaking could not be said to be the negligence of the defendant," was plainly by way of argument only, and was not a decision of a point involved in the case. *Higgins* v. *Missouri Pac. Ry. Co.* 43 Mo. App. 547, was not overruled, though disapproved, by *Sheehan* v. *Prosser,* 55 Mo. App. 569. The former was a decision by the Kansas City Court of Appeals and the latter by the St. Louis Court of Appeals. Both courts are of equal dignity and rank, and have simply taken opposite views upon a disputed question.     REVERSED : REHEARING DENIED.

---

Decided 5 November, 1904.