Argued April 18, affirmed June 26, 1928.

PETER JOHNSON v. OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY.

(268 Pac. 985.)

For appellant there was a brief over the name of *Mr. A. C. Spencer,* with an oral argument by *Mr. Thomas H. Maguire.*

For respondent there was a brief over the name of *Mr. Roscoe P. Hurst,* with an oral argument by *Mr. Robert G. Smith.*

BEAN, J.—Defendant assigns as error upon this appeal: (1) That the court erred in refusing to grant the defendant's motion for a nonsuit made at the conclusion of the plaintiff's case in chief; (2) That the court erred in refusing to grant defendant's motion made at the conclusion of all the testimony directing the jury to return a verdict in favor of defendant.

Defendant contends that the case was not brought under the Employers' Liability Act, or the Workmen's Compensation Act, and therefore the common-

law defense of assumption of risk and the negligence of a fellow-servant of plaintiff were available to defendant, and therefore plaintiff cannot recover.

The defendant in its summary contained in the brief contends that the plaintiff cannot recover "for the reason that the case was brought at common law," and that the plaintiff cannot recover as the injury was caused by the negligence of a fellow-servant, and whatever risk was involved in the use of the bolt-cutting tool, by reason of defects therein, if any, was known to and assumed by the plaintiff. Neither of the defenses argued at length in the briefs of defendant are pleaded in the defendant's answer.

It is a well-established rule in this state, as well as in many others, that the defenses that the injury was the result of the negligence of a fellow-servant, and assumption of an extraordinary risk, are affirmative defenses and must be specially pleaded in order to be of avail to the defendant: 39 C. J., p. 952, §§ 1180 and 1181, and notes; *Millen* v. *Pacific Bridge Co.*, 51 Or. 538, 555 (95 Pac. 196); *Duff* v. *Willamette Steel Wks.*, 45 Or. 479 (78 Pac. 363, 17 Am. Neg. Rep. 121); *Oberlin* v. *Oregon-Washington R. & Nav. Co.*, 71 Or. 177, 185 (142 Pac. 554, 6 N. C. C. A. 75, 79; 9 N. C. C. A. 549, note); *Ashton* v. *Boston & R. Co.*, 222 Mass. 65, 69 (109 N. E. 820, L. R. A. 1916B, 1281); see *39 C. J.* 953, note; *Vohs* v. *Shorthill*, 130 Iowa, 538, 544 (107 N. W. 417).

As said in *Taylor* v. *Chicago etc. R. Co.*, 186 Iowa, 506, 511 (170 N. W. 388).

"It goes without saying that the servant assumes all the risks that are necessarily incident to the business, when the master has discharged his full duty to the servant in furnishing him a reasonably safe place to work and reasonably safe tools and appli-

ances with which to do the work. * * This kind of assumption of risk need not be pleaded.''

The doctrine of assumption of risk is thoroughly discussed by Mr. Commissioner SLATER in *Millen* v. *Pacific Bridge Co., supra.* Where a servant does not know the dangers incident to his employment or knowing does not appreciate such risk, and his ignorance or nonappreciation is not due to negligence, or want of due care on his part, there is no assumption of risk. Assumption of risk is wholly dependent upon the servant's knowledge, actual or constructive, of the dangers incident to his employment and all extraordinary dangers and accidents of which he had knowledge and appreciated. There is no allegation in defendant's answer that the plaintiff had knowledge of the risk involved in the performance of his task or that he appreciated the danger thereof.

A servant does not assume the risk of injury by reason of negligence of a fellow-servant, where such negligence concurs with the negligence of the master to such an extent that but for such concurrent negligence the injury would not have happened: *Shields* v. *W. R. Grace & Co.,* 91 Or. 187, 201 (179 Pac. 265).

An employer, outside the statute enjoining certain duties, is required to use reasonable care and diligence to provide and maintain reasonably safe appliances to an employee for use in the performance of his work: *Olsen* v. *Silverton Lbr. Co.,* 67 Or. 167, 178 (135 Pac. 752).

It is contended by defendant that sufficient facts are shown by the plaintiff's complaint upon which to base a claim that the plaintiff assumed the risk. While the complaint indicates that the plaintiff had some knowledge of the conditions under which he labored, there is no suggestion found in the record

that he appreciated the risk involved to any extent whatever. We do not understand from the record that the case was tried upon the theory now advanced by defendant. The testimony in the case tended to show and the jury were authorized to conclude that the injury to plaintiff was caused by the negligence of defendant in furnishing plaintiff with a defective machine, or tool, with which to work and without which neglect on the part of defendant the accident would not have happened. The reference to plaintiff's fellow-servant cuts but little, if any, figure in the case. The fellow-workman had nothing to do with furnishing the defective machine. It would seem that defendant considered the case as governed by the Employers' Liability Act and therefore did not demur or move against the complaint nor set up any affirmative defense.

Assuming without deciding that the action was brought at common law, as claimed by defendant, the record sustains the verdict and the judgment. There was no error of the court in denying the motion for a nonsuit and the motion for a directed verdict.

Finding no error in the record the judgment of the trial court is affirmed.          AFFIRMED.

RAND, C. J., and BELT, J., concur in the result.

COSHOW, J., concurs.